**PERKINS COIE LLP**
David P. Chiappetta, Bar No. 172099
DChiappetta@perkinscoie.com
Lauren A. Trambley, Bar No. 340634
LTrambley@perkinscoie.com
505 Howard Street, Suite 1000
San Francisco, California 94105
Telephone:   415.344.7000
Facsimile:   415.344.7050

Attorneys for Defendant
SAGAR REDDY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| COINMINT, LLC, | Case No. |
| Plaintiff, | **DEFENDANT SAGAR REDDY'S NOTICE OF REMOVAL** |
| v. | |
| DX CORR DESIGN, INC., a California Corporation, SAGAR REDDY, an individual, ROBERT BLECK, an individual, JIM DENAUT, an individual, FRANK KINNEY, an individual, and DOES 1-40, inclusive, | |
| Defendants. | |

1  **TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND ITS COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant Sagar Reddy ("Defendant Reddy") files this Notice of Removal pursuant to 9 U.S.C. § 205, and 28 U.S.C. §§ 1332(a), 1441, and 1446 to effect the removal of the above-captioned action, which was commenced in the Superior Court of the State of California in and for the County of Santa Clara, and states that the removal is proper for the reasons stated below.

## BACKGROUND

1. On January 26, 2023, Plaintiff Coinmint, LLC ("Plaintiff") filed a Complaint in the Superior Court of California for the County of Santa Clara, Case No. 23CV410979, titled "*Coinmint, Inc. v. DX Corr Design, Inc., Sagar Reddy, Robert Bleck, Jim Denaut, Frank Kinney, and Does 1-40, inclusive*" (the "Action"). The allegations of the Complaint in the Action are incorporated by reference in this Notice of Removal without necessarily admitting any of them. As Defendant has not yet been served, *there are no documents required to be attached to this Notice* in compliance with 28 U.S.C. § 1446(a), which requires only that the "papers served upon such defendant or defendants in such action" be attached.

2. The Complaint asserts eight causes of action: (1) Fraud, (2) Breach of Fiduciary Duty, (3) Aiding and Abetting Breach of Fiduciary Duty, (4) Breach of Contract, (5) Breach of Covenant of Good Faith and Fair Dealing, (6) Conspiracy, (7) Intentional Interference with Contractual Relations, and (8) Violation of Business & Professions Code section 17200.

3. As of the date this Notice of Removal was filed, Defendant Reddy has not been served with the Action and he is unaware of any other Defendant having been served with the Action as of this date.

4. As explained below, the Court has jurisdiction of this matter under 9 U.S.C. § 205 because the subject matter of the Action relates to an arbitration agreement falling under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards of June 10, 1958 (the "Convention"). The Court separately has jurisdiction over this action under 28 U.S.C.

§ 1332(a) because there is diversity of citizenship between Plaintiff and each of the Defendants, and the amount in controversy exceeds $75,000. Either of these is a ground upon which the Action may be removed to this Court.

## ARBITRABILITY OF THE ACTION

5.  According to Plaintiff, the Action arises from a purported fraudulent scheme that enticed Plaintiff to enter into "a $150 million purchase contract pursuant to which Katena was to provide to Coinmint thousands of bitcoin mining computers and related microchips ('the contract')." Compl. at para. 9. The contract referred to—defined by Plaintiff[1] to collectively include the Sales and Purchase Agreement dated May 12, 2021 ("S&P Agreement") and Purchaser [sic] Order No. 1 (the "First PO") (together, the "Agreement")—contains a broad arbitration clause providing:

> Any dispute, controversy, difference or claim arising out of or relating to this Agreement, including the existence, validity, interpretation, performance, breach or termination hereof or any dispute regarding non-contractual obligations arising out of or relating to this Agreement shall be referred to and finally resolved by arbitration administered by American Arbitration Association under the rules for commercial arbitration of the American Arbitration Association in force when the notice of arbitration is submitted. The decision and awards of the arbitration shall be final and binding upon the parties hereto. (*Id.*, para. 19.2)

6.  As the Action is grounded upon a purported scheme that allegedly enticed Plaintiff to enter into the Agreement, the Action is a "dispute, controversy, difference or claim … **relating to this Agreement**," *id.* (emphasis added), bringing it within the scope of the arbitration provision.

7.  Additionally, the claims asserted in the Action, *i.e.*, Plaintiff's claim for fraud predicated upon its argument that it was fraudulently induced to enter into the Agreement and make payments under the Agreement, involve "non-contractual obligations … relating to this Agreement," forming another basis for the arbitrability of the Action.

8.  Further, amongst the relief sought through the Action, Plaintiff "requests a judicial determination rescinding the S&P Agreement and First PO and declaring them void…" *Id.,* para.

---

[1] Complaint, para. 29.

52. While it is unclear how Plaintiff could obtain this relief without joining the actual counterparty to the contract, the Action as pleaded also concerns the "validity" of the Agreement, providing yet another independent reason that the Action falls within the scope of the arbitration provision.

## APPLICABILITY OF THE CONVENTION

9. With one exception, "[a]n arbitration agreement or arbitral award arising out of a legal relationship, whether contractual or not, which is considered as commercial," is governed by the Convention. The one exception arises when the underlying agreement "is entirely between citizens of the United States… *unless* that relationship involves property located abroad, envisages performance or enforcement abroad, or has some other reasonable relation with one or more foreign states." 9 U.S.C. § 202 (*emphasis added*).

10. Here, the First PO, which Plaintiff defines as part of the Agreement that it was purportedly enticed to enter (and is expressly incorporated by reference in said Agreement in Plaintiff's Complaint), states that delivery of the bitcoin mining computers that were the subject of the First PO will be "EXW at location to be determined by Katena." *Id.* Prior to this dispute arising, the parties discussed their intention that this delivery would occur somewhere in Asia. Additionally, the computers at issue were to be assembled in China, using a specialized microchip designed by Katena and manufactured in Taiwan. Each of these facts reflect that their "relationship involves property located abroad, envisages performance or enforcement abroad, or has some other reasonable relation with one or more foreign states," bringing it within the scope of the Convention.

11. The Federal Arbitration Act, 9 U.S.C. § 1 *et seq.*, provides that "[a]n action or proceeding falling under the Convention shall be deemed to arise under the laws and treaties of the United States," and that "[t]he district courts of the United States … shall have original jurisdiction over such an action or proceeding, regardless of the amount in controversy." 9 U.S.C. § 203. In the event a proceeding under the Convention is filed in a State court, it is removable to federal district court at any time prior to trial:

> Where the subject matter of an action or proceeding pending in a State court relates to an arbitration agreement or award falling under the Convention, the defendant or the defendants may, at any time before the trial thereof, remove such action or proceeding to the district court of the United States for the district and division embracing the place where the action or proceeding is pending.

9 U.S.C. § 205. Additionally, "the ground for removal provided in this section need not appear on the face of the complaint but may be shown in the petition for removal." *Id.*

12. With the Action now removed, Defendant intends to file with this Court a motion to compel arbitration as permitted by 9 U.S.C. § 206.

## DIVERSITY OF CITIZENSHIP

13. <u>Plaintiff's Citizenship.</u> Per the allegations of the Complaint, Plaintiff is a Puerto Rican limited liability company, having its principal place of business in Dorado, Puerto Rico. Defendant Reddy is informed and believes that Plaintiff's sole members are Mintvest Capital Ltd., a Delaware Corporation with its principal place of business in Texas, and Coinmint Living Trust, a Puerto Rican Trust whose trustee is a citizen of Puerto Rico. As such, Plaintiff is a citizen of Delaware, Texas, and Puerto Rico.

14. <u>Defendants' Citizenship.</u> Defendant Reddy is a citizen of the State of California. Defendant Reddy alleges on information and belief that Defendants Jim DeNaut and Frank Kinney are each citizens of the State of Connecticut, and that Defendant Robert Bleck is a citizen of the State of California. As such, no Defendant is a citizen of any state or territory in which Plaintiff is a citizen.

15. <u>Doe Defendants' Citizenship.</u> The citizenship of fictitious defendants is disregarded for purposes of establishing removal jurisdiction under 28 U.S.C. § 1332. *See* 28 U.S.C. § 1441(a); *see also Bryant v. Ford Motor Co.,* 886 F.2d 1526 (9th Cir. 1989), cert. denied, 493 U.S. 1076 (1990). Notwithstanding the above, DOE 1 appears to be Michael Maloney, and, on information and belief, he is domiciled in and a citizen of the State of New York.

16. <u>The Forum Defendant Rule Does Not Apply.</u> To the extent Plaintiff cites 28 U.S.C. § 1441(b)(2) to argue that the Action may not be removed because certain of "the parties in interest properly joined and served as defendants [are] citizen[s] of the state in which such action is brought," that argument fails because neither Defendant Reddy, nor to his knowledge any of the other Defendants, has been served with the Complaint. Courts in this district have repeatedly held that "a defendant may remove an action prior to receiving proper service, even when the defendant resides in the state in which the plaintiff filed the state claim." *Global Indus. Inv. Ltd. v. Chung*, No. 19-CV-07670-LHK, 2020 WL 2027374, at *2 (N.D. Cal. Apr. 28, 2020), quoting *Sherman v. Haynes & Boone*, No. 14-CV-01064-PSG, 2014 WL 4211118, at *1 & n.8 (N.D. Cal. Aug. 22, 2014) (citing cases); see also *Loewen v. McDonnell*, Case No. 19-cv-00467-YGR, 2019 WL 2364413, at *7 (N.D. Cal. June 5, 2019) ("[T]he Northern District of California has consistently held a defendant may remove an action prior to receiving proper service, even when the defendant resides in the state in which the plaintiff filed the state claim"); *Regal Stone Ltd. v. Longs Drug Stores Cal., LLC*, 881 F. Supp. 2d 1123, 1127 (N.D. Cal. 2012) (holding that courts in this district "hold that the clear and unambiguous language of the statute only prohibits removal after a properly joined forum defendant has been served"). As this Court has recognized:

> By its plain language, 28 U.S.C. § 1441(b)(2) permits an in-state defendant who has not been both joined and served to remove a case to federal court on the basis of diversity jurisdiction. Here, it is undisputed that Defendants removed Plaintiff's Complaint before any Defendants were served. Thus, Defendants' notice of removal was not procedurally improper, and remand is not warranted.

*Monfort v. Adomani, Inc.*, No. 18-CV-05211-LHK, 2019 WL 131842, at• 4 (N.D. Cal. Jan. 9, 2019). The same analysis applies here.

**AMOUNT IN CONTROVERSY**

17. In considering the amount in controversy, what matters is the amount put in controversy by plaintiff's complaint, not what amount the defendant will actually owe (if anything). "[T]he amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d

395, 400 (9th Cir. 2010).

18. Plaintiff here seeks to recover "actual, compensatory and consequential damages, including but not limited to … $23 million." *Complaint*, at 22. This amount is exclusive of the punitive and exemplary damages, interest, attorney's fees, and costs that are also sought by Plaintiff. *Id.* The amount in controversy plainly exceeds the $75,000 threshold established by 28 U.S.C. § 1332(a).

### NO BASIS FOR REJECTING OR DECLINING JURISDICTION

19. As noted above, there are no bases for this Court to reject or decline jurisdiction as set out in 28 U.S.C. § 1441(b)(2), as the forum defendant rule is inapplicable here.

### VENUE

20. Venue lies in the Northern District of California pursuant to 28 U.S.C. §§ 1441(a) and 1446(a), and 9 U.S.C. § 205. This action was originally brought in the Superior Court of the State of California, County of Santa Clara, which is embraced by the Northern District of California.

### NOTICE OF REMOVAL

21. This Notice of Removal will be served promptly on Plaintiff and filed with the Clerk of the Superior Court of the State of California in and for the County of Santa Clara.

22. WHEREFORE, Defendant prays that this civil action be removed from the Superior Court of the State of California, County of Santa Clara, to the United States District Court for the Northern District of California.

DATED: February 9, 2023           **PERKINS COIE LLP**

By: */s/ David P. Chiappetta*
David P. Chiappetta
Lauren A. Trambley

Attorneys for Defendant
SAGAR REDDY