1  FLETCHER C. ALFORD (SBN: 152314)
   falford@grsm.com
2  KEVIN LIU (SBN: 295287)
   kliu@grsm.com
3  MYLES LANZONE (SBN: 257791)
   mlanzone@grsm.com
4  GORDON REES SCULLY MANSUKHANI, LLP
   275 Battery Street, Suite 2000
5  San Francisco, CA 94111
   Telephone: (415) 986-5900
6  Facsimile: (415) 986-8054

7  ROBERT LEMUS (PRO HAC VICE FORTHCOMING)
   rlemus@grsm.com
8  GORDON REES SCULLY MANSUKHANI, LLP
   3D/International Tower
9  1900 West Loop South, Suite 1000
   Houston, TX 77027
10 Telephone: (713) 490-4876

11 Attorneys for Plaintiff
   COINMINT, LLC

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CAILIFORNIA

| COINMINT, LLC, | CASE NO. 5:23-cv-00599-VKD |
|---|---|
| Plaintiff, | **COINMINT, LLC'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED PURSUANT TO CIVIL LOCAL RULE 79-5** |
| vs. | |
| DX CORR DESIGN, INC., a California Corporation, SAGAR REDDY, an individual, ROBERT BLECK, an individual, JIM DENAUT, an individual, FRANK KINNEY, an individual, and DOES 1- 40, inclusive, | |
| Defendants. | |

Pursuant to Civil Local Rules 7-11 and 79-5(f), Plaintiff Coinmint, LLC ("Coinmint") hereby move for administrative relief pertaining to the Complaint and First Amended Complaint ("FAC") filed herewith. Coinmint seeks to file portions of its Complaint and FAC, including exhibits attached thereto, under seal because materials contained therein are derived from information and records designated "Confidential" by third party Katena Computing Technologies, Inc. ("Katena") pursuant to a stipulated protective order.

This motion is accompanied by the Declaration of Kevin Liu in Support of Coinmint's Administrative Motion to Consider Whether Another Party's Material Should Be Sealed Pursuant to Civil Local Rule 79-5(f) ("Sealing Declaration"). *See* Civ. L. R. 79-5(c)(2) (stating that an administrative motion to seal may be accompanied by a declaration to provide evidentiary support where necessary).

As set forth in the Sealing Declaration, Coinmint and Katena are parties to an arbitration proceeding that is currently pending before the American Arbitration Association, Case No. 01-22-0001-7627. Sealing Decl. ¶3.  In the arbitration proceeding, Coinmint and Katena entered into a Stipulated Protective Order so that the production of proprietary or trade secret information would be protected from public disclosure.  *Id.* at ¶4.  Coinmint's Complaint and FAC filed in this action contain information and records derived from materials designated by Katena as "Confidential" pursuant to the Stipulated Protective Order in the arbitration proceeding. *Id.* at ¶5.  Coinmint contends that these information and records produced by Katena do not contain any information that is even arguably confidential, proprietary or trade secret, and do not otherwise qualify for protection from disclosure.[1]  *Id.* at ¶6.  Instead, this information reveals Katena's fraudulent conspiracy with its co-conspirators (the defendants in this action) and as such, there is no basis for keeping the evidence of their fraud concealed under the guise of confidentiality *Id.* at ¶7.  As such, due to the present dispute concerning the confidentiality of information and documents produced by Katena, pursuant to Local Rules 7-

---

[1] As stated in Local Rule 79-5(c), the fact that documents were designated as confidential pursuant to a stipulation or protective order is not sufficient to establish that a document, or portions thereof, are sealable.

-2-

1  11 and 79-5, Coinmint hereby moves for administrative relief to file the following documents,
2  or portions thereof, under seal:

| Documents Proposed to be Sealed | Entity that Produced the Document | Entity that Seeks to Designate Document as Confidential |
|---|---|---|
| Portions of the Complaint[2] | | Katena (a third-party) |
| Portions of the FAC | | Katena (a third-party) |
| Exhibit 1 to the Complaint and FAC | Katena (a third-party) | Katena (a third-party) |
| Exhibit 2 to the Complaint and FAC | Katena (a third-party) | Katena (a third-party) |
| Exhibit 3 to the Complaint and FAC | Katena (a third-party) | Katena (a third-party) |
| Exhibit 4 to the Complaint and FAC | Katena (a third-party) | Katena (a third-party) |
| Exhibit 5 to the Complaint and FAC | Katena (a third-party) | Katena (a third-party) |
| Exhibit 6 to the Complaint and FAC | Katena (a third-party) | Katena (a third-party) |
| Exhibit 7 to the Complaint and FAC | Katena (a third-party) | Katena (a third-party) |
| Exhibit 8 to the Complaint and FAC | Katena (a third-party) | Katena (a third-party) |
| Exhibit 9 to the Complaint and FAC | Katena (a third-party) | Katena (a third-party) |
| Exhibit 10 to the Complaint and FAC | Katena (a third-party) | Katena (a third-party) |
| Exhibit 11 to the Complaint and FAC | Katena (a third-party) | Katena (a third-party) |
| Exhibit 12 to the Complaint and FAC | Katena (a third-party) | Katena (a third-party) |
| Exhibit 13 to the Complaint and FAC | Katena (a third-party) | Katena (a third-party) |
| Exhibit 14 to the Complaint and FAC | Katena (a third-party) | Katena (a third-party) |

---

[2] The 14 exhibits attached to the Complaint and FAC are identical.

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Coinmint seeks to file portions of its Complaint and FAC, including exhibits attached thereto, under seal because Katena contends that the records and information contained therein are confidential, protected from disclosure, and cannot be used in this litigation. Coinmint disagrees and it is Katena's burden to show good cause for sealing the designated portions by submitting a statement and/or declaration within seven days of this motion. See Civ. L. R. 79-5(f)(3).

Coinmint is filing the above materials under seal in a good faith effort to protect these materials from public disclosure until a determination is made regarding Katena's assertion of confidentiality over these materials. However, Coinmint believes that all of the designated material being submitted under seal does not satisfy the requirements for sealing. The Ninth Circuit has stated:

> Unless a particular court record is one traditionally kept secret, a strong presumption in favor of access is the starting point. A party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the compelling reasons standard. That is, the party must articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process.

*Kamakana v. City of Honolulu,* 447 F.3d 1172, 1178 (9th Cir. 2006) (internal quotations omitted) (emphasis added).

Dated: March 21, 2023                    GORDON REES SCULLY MANSUKHANI, LLP

By: _____
Fletcher C. Alford
Kevin Liu
Robert Lemus
Myles Lanzone
Attorneys for Plaintiff
Coinmint, LLC