**PERKINS COIE LLP**

David P. Chiappetta, Bar No. 172099
DChiappetta@perkinscoie.com
Lauren A. Trambley, Bar No. 340634
LTrambley@perkinscoie.com
505 Howard Street, Suite 1000
San Francisco, California 94105
Telephone: +1.415.344.7000
Facsimile:  +1.415.344.7050

John R. Hardin, *pro hac vice*
JohnHardin@perkinscoie.com
500 N. Akard Street, Suite 3300
Dallas, Texas 75201
Telephone:  214.965.7700
Facsimile:  214.965.7799

Jacob J. Taber, *pro hac vice*
JTaber@perkinscoie.com
1155 Avenue of the Americas, 22nd Floor
New York, New York 10036-2711
Telephone:  212.262.6900
Facsimile:  212.977.1649

Attorneys for Defendant Sagar Reddy and
Non-Party Katena Computing
Technologies, Inc.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| COINMINT, LLC,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DX CORR DESIGN, INC., a California corporation, SAGAR REDDY, an individual, ROBERT BLECK, an individual, JIM DENAUT, an individual, FRANK KINNEY, an individual, and DOES 1-40, inclusive,<br><br>　　　　Defendants. | Case No. 5:23-cv-00599-VKD<br><br>**DECLARATION OF DAVID D. EATON IN SUPPORT OF NON-PARTY KATENA COMPUTING TECHNOLOGIES, INC.'S STATEMENT IN SUPPORT OF SEALING CERTAIN CONFIDENTIAL BUSINESS MATERIALS FILED BY PLAINTIFF PROVISIONALLY UNDER SEAL [ECF NO. 19]** |

-1-

5:23-CV-00599-VKD
DECL. OF DAVID D. EATON IN SUPPORT OF NON-PARTY KATENA COMPUTING TECHNOLOGIES, INC.'S RESPONSE
TO ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED

1    Pursuant to Civil Local Rule 79-5(f)(3), I declare as follows:

2    1.    I am General Counsel for non-party Katena Computing Technologies, Inc.

3  ("Katena"), which is not a party to the above-captioned case.  I am over the age of eighteen and

4  competent to make this Declaration.  I make each of the following statements based on my

5  personal knowledge and I could, if necessary, testify to the truth of each of them.

6    2.    I submit this declaration in response to Plaintiff Coinmint, LLC's ("Coinmint")

7  Administrative Motion to Consider Whether Another Party's Material Should be Sealed Pursuant

8  to Civil Local Rule 79-5 in Support of Opposition to Defendant Sagar Reddy's ("Reddy") Motion

9  to Stay.

10    3.    Katena seeks to redact certain portions of Coinmint's Opposition to Defendant

11  Sagar Reddy's Motion to Stay of Action Pending Arbitration ("Opposition Brief") and to seal

12  certain exhibits attached to the Declaration of Kevin Liu in Support of the Opposition Brief ("Liu

13  Declaration").

14    4.    The exhibits to be sealed, which are quoted or paraphrased in the portions of the

15  Opposition Brief to be redacted, were each produced by Katena in a currently pending AAA

16  arbitration between Coinmint and Katena.  The documents were designated by Katena as

17  "CONFIDENTIAL" pursuant to a stipulated protective order between Katena and Coinmint.

18  That stipulated protective order prohibits Coinmint from using those confidential documents for

19  any purpose other than the arbitration and also prohibits Coinmint from distributing those

20  confidential documents to members of the public.

21    5.    I understand that although there is a presumption of public access to judicial

22  records, that right is not absolute, and a court may seal documents offered in evidence at a trial

23  upon showing of compelling reason to keep certain information confidential.

24    6.    A document may be sealed if a party establishes that (1) "legitimate private or

25  public interests…warrant sealing," (2) injury…will result if sealing is denied," and (3) "a less

26  restrictive alternative to sealing is not sufficient."  Civ. L.R. 79-5(c).  To that end, a party must

27  present "compelling reasons" for the sealing request.  *Ctr. for Auto Safety v. Chrysler Grp., LLC*,

28

DECL. OF DAVID D. EATON IN SUPPORT OF NON-PARTY KATENA COMPUTING TECHNOLOGIES, INC.'S RESPONSE
TO ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED

809 F.3d 1092, 1096 (9th Cir. 2016).   In applying the compelling-reasons test, a court balances

the public's interest in disclosure with the party's interest in keeping the records secret.  *Id.*  The

Ninth Circuit has explained that "the use of records to gratify private spite, promote public

scandal, circulate libelous statements, or release trade secrets" constitute "compelling reasons" to

seal court records.  *Kamakana v. City of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006).

7.     The Opposition Brief, and certain attached exhibits, contain commercially

sensitive information, including Katena's pitch materials, private and confidential

communications, and non-public pricing information that would harm Katena's competitive

standing in a very competitive industry if they were publicly disclosed.  Courts have found that

trade secrets and other confidential business information in the form of "license agreements,

financial terms, details of confidential licensing negotiations, and business strategies" also satisfy

the "compelling reasons" standard.  *See Apple Inc. v. Psystar Corp.*, 658 F.3d 1150, 1162 (9th

Cir. 2011) ("The publication of materials that could result in infringement upon trade secrets has

long been considered a factor that would overcome this strong presumption."); *In re Qualcomm

Litig.*, 2017 WL 5176922, at *2 (S.D. Cal. Nov. 8, 2017) (observing that sealing such information

"prevent[ed] competitors from gaining insight into the parties' business model and strategy);

*Algarin v. Maybelline, LLC*, 2014 WL 690410, at *3 (S.D. Cal. Feb. 21, 2014) ("Where a party

shows that its documents contain sources of business information that might harm its competitive

standing, the need for public access to the records is lessened.").  As the Supreme Court explained

in *Nixon v. Warner Commc'ns, Inc.*, "the common-law right of inspection has bowed before the

power of a court to [e]nsure that its records" do not "serve as…sources of business information

that might harm a litigant's competitive standing."  435 U.S. 589, 598 (1978).

8.     The third-party documents here also implicate substantial privacy interests of non-

parties.  Katena, of course, is not a party to this action and has not produced any documents in

this action.  Many of the documents that Coinmint has attached to its motion are long text-

message threads between non-party employees of Katena in which they discuss both

commercially sensitive matters related to Katena's business strategy, pricing, and customer

DECL. OF DAVID D. EATON IN SUPPORT OF NON-PARTY KATENA COMPUTING TECHNOLOGIES, INC.'S RESPONSE
TO ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED

1    acquisition, and purely private matters.  There is little public interest in reviewing the private text-

2    message communications of non-party employees of a non-party.  *See, e.g.*, *Doyle v. Galderma,*

3    *Inc.*, 2021 WL 4926999, at *1 (N.D. Cal. Apr. 27, 2021) (holding that the "constitutionally-

4    protected privacy interests" of non-party employees "present compelling reasons to justify a

5    sealing order" and that these privacy interests outweigh any public interest in accessing the

6    document); *Monster Energy Co. v. Vital Pharms., Inc.*, 2022 WL 17222293, at *2 (C.D. Cal. Oct.

7    26, 2022) (finding "compelling reasons to seal" exhibits containing "private information about

8    nonparties").

9        9.    These documents should also be sealed because Coinmint has submitted them for

10   an improper purpose.  Coinmint's long, factual narrative about Katena's supposed fraudulent

11   scheme has almost nothing to do with the narrow legal argument that it makes in opposition to

12   Defendant Reddy's motion to stay.  Indeed, that argument section does not cite or refer back to a

13   <u>single</u> exhibit aside from the Katena/Coinmint contract (Ex. 28) which Katena does not seek to

14   seal.  The question of whether there is an "issue referable to arbitration" in this case does not

15   require evidentiary development—the parties need only reference the allegations in the

16   Complaint.  And the public has little interest in accessing documents that are not relevant to the

17   legal issues in dispute <u>on this motion</u>.  *See, e.g.*, *Apple Inc. v. Samsung Electronics Co., Ltd.*, 727

18   F.3d 1214 (Fed. Cir. 2013).  So, why has Coinmint filed Katena's sensitive business documents

19   and internal text messages between non-party Katena employees to the public docket?  Simple—

20   to gratify Coinmint's "private spite" and "circulate libelous statements" regarding Katena and its

21   employees, none of whom are parties to this proceeding.  *See Kamakana*, 447 F.3d at 1179.

22   Coinmint seeks to damage Katena's public reputation in order to obtain leverage against Katena

23   in the ongoing arbitration (including by leveling false accusations against Katena that, if made

24   outside the shield of the litigation privilege, would expose Coinmint to additional liability).  That

25   is not a proper purpose that might support a public interest in reviewing non-party Katena's

26   commercially sensitive and private documents and internal employee communications.

27

28

10.     Katena submits that certain discrete portions of the Opposition Brief should be redacted because they directly quote or disclose the contents of the commercially sensitive business records of Katena attached as exhibits to the Liu Declaration.  Additionally, for the reasons described in the chart below, sealing the following exhibits in their entirety is appropriate and Katena has narrowly tailored its request with this Administrative Motion, seeking to file under seal only the information that is confidential.  *Kamakana*, 447 F.3d at 1178–80.

| Document Description | Sealing Description | Justification for Sealing |
|---|---|---|
| Coinmint LLC's Opposition to Defendant Sagar Reddy's Motion to Stay of Action Pending Arbitration | 5:3-21, 8:12-13, 8:14-18, 8:23-9:12, 9:17-11:14, 11:19-16:21, 17:7-17:19, 17:27-28, 20:23-28. | Compelling reasons exist to seal the identified portions of Coinmint's Opposition because it quotes directly from and provides a description of Katena's legally-protected, commercially sensitive business information that, if disclosed, would cause Katena commercial and economic harm and injure its competitive standing in a very competitive industry. Additionally, the identified portions of Coinmint's Opposition should be redacted because Coinmint provides this commercially-sensitive information for the improper purpose of spite and libelous statements. |

| Document Description | Sealing Description | Justification for Sealing |
|---|---|---|
| Exhibit 2 to the Liu Declaration | Entirety of exhibit | Compelling reasons exist to seal the entirety of this exhibit as it includes discussions of Katena's legally-protected, commercially sensitive business information that, if disclosed, would cause Katena commercial and economic harm and injure its competitive standing in a very competitive industry.  Specifically, this exhibit contains the deposition testimony of Michael Gao, Katena's co-founder.  Mr. Gao's testimony includes discussions of private communications with non-parties, non-public proprietary information regarding its manufacturing and product development, and sensitive and confidential details concerning company financials and compensation. The public has minimal (if any) interest in this document because it is not relevant in any way to the instant motion, and Coinmint does not cite to or rely upon the document in support of its legal argument.<br><br>The stipulated protective order from the arbitration prohibits Coinmint from using documents produced as "confidential" for any purpose other than the arbitration and also prohibits Coinmint from distributing those confidential documents to members of the public. |

DECL. OF DAVID D. EATON IN SUPPORT OF NON-PARTY KATENA COMPUTING TECHNOLOGIES, INC.'S RESPONSE
TO ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED

| Document Description | Sealing Description | Justification for Sealing |
|---|---|---|
| Exhibit 3 to the Liu Declaration | Entirety of exhibit | Compelling reasons exist to seal the entirety of this exhibit as it includes discussions of Katena's legally-protected, commercially sensitive business information that, if disclosed, would cause Katena commercial and economic harm and injure its competitive standing in a very competitive industry.  Specifically, this exhibit is a series of text messages involving a non-party employee of Katena discussing Katena's business strategy and personnel matters.  The public has minimal (if any) interest in this document because it is not relevant in any way to the instant motion, and Coinmint does not cite to or rely upon the document in support of its legal argument. <br><br> The stipulated protective order from the arbitration prohibits Coinmint from using documents produced as "confidential" for any purpose other than the arbitration and also prohibits Coinmint from distributing those confidential documents to members of the public |

| Document Description | Sealing Description | Justification for Sealing |
|---|---|---|
| Exhibit 4 to the Liu Declaration | Entirety of exhibit | Compelling reasons exist to seal the entirety of this exhibit as it includes discussions of Katena's legally-protected, commercially sensitive business information that, if disclosed, would cause Katena commercial and economic harm and injure its competitive standing in a very competitive industry.  Specifically, this exhibit contains the testimony of non-party Michael Gao, co-founder of non-party Katena.  Mr. Gao's testimony includes discussions of private communications with non-parties, sensitive personnel matters related to non-party Katena, non-public proprietary information regarding Katena's manufacturing and product development, and sensitive and confidential details concerning company financials.  The public has minimal (if any) interest in this document because it is not relevant in any way to the instant motion, and Coinmint does not cite to or rely upon the document in support of its legal argument. |

| Document Description | Sealing Description | Justification for Sealing |
|---|---|---|
| Exhibit 5 to the Liu Declaration | Entirety of exhibit | Compelling reasons exist to seal the entirety of this exhibit as it includes discussions of Katena's legally-protected, commercially sensitive business information that, if disclosed, would cause Katena commercial and economic harm and injure its competitive standing in a very competitive industry.  Specifically, this exhibit is a series of text messages involving non-party employees of non-party Katena discussing Katena's business strategy, pricing and customer acquisition in addition to purely private matters.  The public has minimal (if any) interest in this document because it is not relevant in any way to the instant motion, and Coinmint does not cite to or rely upon the document in support of its legal argument.<br><br>The stipulated protective order from the arbitration prohibits Coinmint from using documents produced as "confidential" for any purpose other than the arbitration and also prohibits Coinmint from distributing those confidential documents to members of the public |

5:23-CV-00599-VKD

DECL. OF DAVID D. EATON IN SUPPORT OF NON-PARTY KATENA COMPUTING TECHNOLOGIES, INC.'S RESPONSE TO ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED

| Document Description | Sealing Description | Justification for Sealing |
|---|---|---|
| Exhibit 6 to the Liu Declaration | Entirety of exhibit | Compelling reasons exist to seal the entirety of this exhibit as it includes discussions of Katena's legally-protected, commercially sensitive business information that, if disclosed, would cause Katena commercial and economic harm and injure its competitive standing in a very competitive industry.  Specifically, this exhibit is a series of text messages between non-party consultant and a non-party employee of non-party Katena discussing Katena's business strategy, pricing, personnel matters, government relations, and customer acquisition in addition to purely private matters.  The public has minimal (if any) interest in this document because it is not relevant in any way to the instant motion, and Coinmint does not cite to or rely upon the document in support of its legal argument.

The stipulated protective order from the arbitration prohibits Coinmint from using documents produced as "confidential" for any purpose other than the arbitration and also prohibits Coinmint from distributing those confidential documents to members of the public |

| Document Description | Sealing Description | Justification for Sealing |
|---|---|---|
| Exhibit 8 to the Liu Declaration | Entirety of exhibit | Compelling reasons exist to seal the entirety of this exhibit as it includes discussions of Katena's legally-protected, commercially sensitive business information that, if disclosed, would cause Katena commercial and economic harm and injure its competitive standing in a very competitive industry. Specifically, this exhibit is a series of text messages between two non-party employees of non-party Katena discussing Katena's business strategy, pricing and customer acquisition in addition to purely private matters. The public has minimal (if any) interest in this document because it is not relevant in any way to the instant motion, and Coinmint does not cite to or rely upon the document in support of its legal argument.

The stipulated protective order from the arbitration prohibits Coinmint from using documents produced as "confidential" for any purpose other than the arbitration and also prohibits Coinmint from distributing those confidential documents to members of the public |

| Document Description | Sealing Description | Justification for Sealing |
|---|---|---|
| Exhibit 9 to the Liu Declaration | Entirety of exhibit | Compelling reasons exist to seal the entirety of this exhibit as it includes discussions of Katena's legally-protected, commercially sensitive business information that, if disclosed, would cause Katena commercial and economic harm and injure its competitive standing in a very competitive industry.  Specifically, this exhibit is a series of text messages involving a non-party employee of Katena discussing Katena's business strategy and customer acquisition in addition to purely private matters.  The public has minimal (if any) interest in this document because it is not relevant in any way to the instant motion, and Coinmint does not cite to or rely upon the document in support of its legal argument.<br><br>The stipulated protective order from the arbitration prohibits Coinmint from using documents produced as "confidential" for any purpose other than the arbitration and also prohibits Coinmint from distributing those confidential documents to members of the public |

5:23-CV-00599-VKD

| Document Description | Sealing Description | Justification for Sealing |
|---|---|---|
| Exhibit 11 to the Liu Declaration | Entirety of Exhibit | Compelling reasons exist to seal the entirety of this exhibit as it includes discussions of Katena's legally-protected, commercially sensitive business information that, if disclosed, would cause Katena commercial and economic harm and injure its competitive standing in a very competitive industry.  Specifically, this exhibit contains the deposition testimony of non-party Henry Monzon, a co-founder of non-party Katena.  Mr. Monzon's testimony includes discussions of non-public proprietary information regarding Katena's business strategy, investor relations, and customer contracts.  The public has minimal (if any) interest in this document because it is not relevant in any way to the instant motion, and Coinmint does not cite to or rely upon the document in support of its legal argument.<br><br>The stipulated protective order from the arbitration prohibits Coinmint from using documents produced as "confidential" for any purpose other than the arbitration and also prohibits Coinmint from distributing those confidential documents to members of the public |

-13-

| Document Description | Sealing Description | Justification for Sealing |
|---|---|---|
| Exhibit 13 to the Liu Declaration | Entirety of exhibit | Compelling reasons exist to seal the entirety of this exhibit as it includes discussions of Katena's legally-protected, commercially sensitive business information that, if disclosed, would cause Katena commercial and economic harm and injure its competitive standing in a very competitive industry.  Specifically, this exhibit is a series of text messages between two non-party employees of non-party Katena discussing Katena's business strategy, pricing and customer acquisition in addition to purely private matters.  The public has minimal (if any) interest in this document because it is not relevant in any way to the instant motion, and Coinmint does not cite to or rely upon the document in support of its legal argument.<br><br>The stipulated protective order from the arbitration prohibits Coinmint from using documents produced as "confidential" for any purpose other than the arbitration and also prohibits Coinmint from distributing those confidential documents to members of the public |

DECL. OF DAVID D. EATON IN SUPPORT OF NON-PARTY KATENA COMPUTING TECHNOLOGIES, INC.'S RESPONSE
TO ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED

| Document Description | Sealing Description | Justification for Sealing |
|---|---|---|
| Exhibit 15 to the Liu Declaration | Entirety of exhibit | Compelling reasons exist to seal the entirety of this exhibit as it includes discussions of Katena's legally-protected, commercially sensitive business information that, if disclosed, would cause Katena commercial and economic harm and injure its competitive standing in a very competitive industry.  Specifically, this exhibit is a series of text messages involving non-party employees of non-party Katena discussing Katena's business strategy, growth and investment strategy, and customer acquisition in addition to purely private matters.  The public has minimal (if any) interest in this document because it is not relevant in any way to the instant motion, and Coinmint does not cite to or rely upon the document in support of its legal argument.<br><br>The stipulated protective order from the arbitration prohibits Coinmint from using documents produced as "confidential" for any purpose other than the arbitration and also prohibits Coinmint from distributing those confidential documents to members of the public |

| Document Description | Sealing Description | Justification for Sealing |
|---|---|---|
| Exhibit 17 to the Liu Declaration | Entirety of exhibit | Compelling reasons exist to seal the entirety of this exhibit as it includes discussions of Katena's legally-protected, commercially sensitive business information that, if disclosed, would cause Katena commercial and economic harm and injure its competitive standing in a very competitive industry.  Specifically, this exhibit is a series of text messages between two non-party employees of non-party Katena discussing Katena's business strategy, pricing and customer acquisition in addition to purely private matters.  The public has minimal (if any) interest in this document because it is not relevant in any way to the instant motion, and Coinmint does not cite to or rely upon the document in support of its legal argument.<br><br>The stipulated protective order from the arbitration prohibits Coinmint from using documents produced as "confidential" for any purpose other than the arbitration and also prohibits Coinmint from distributing those confidential documents to members of the public |

Decl. of David D. Eaton In Support of Non-Party Katena Computing Technologies, Inc.'s Response
to Administrative Motion To Consider Whether Another Party's Material Should Be Sealed

| Document Description | Sealing Description | Justification for Sealing |
|---|---|---|
| Exhibit 18 to the Liu Declaration | Entirety of exhibit | Compelling reasons exist to seal the entirety of this exhibit as it includes discussions of Katena's legally-protected, commercially sensitive business information that, if disclosed, would cause Katena commercial and economic harm and injure its competitive standing in a very competitive industry.  Specifically, this exhibit is a series of text messages between two non-party employees of non-party Katena discussing Katena's business strategy, personnel matters, and investor relations in addition to purely private matters.  The public has minimal (if any) interest in this document because it is not relevant in any way to the instant motion, and Coinmint does not cite to or rely upon the document in support of its legal argument.<br><br>The stipulated protective order from the arbitration prohibits Coinmint from using documents produced as "confidential" for any purpose other than the arbitration and also prohibits Coinmint from distributing those confidential documents to members of the public |

| Document Description | Sealing Description | Justification for Sealing |
|---|---|---|
| Exhibit 19 to the Liu Declaration | Entirety of exhibit | Compelling reasons exist to seal the entirety of this exhibit as it includes discussions of Katena's legally-protected, commercially sensitive business information that, if disclosed, would cause Katena commercial and economic harm and injure its competitive standing in a very competitive industry.  Specifically, this exhibit is a series of text messages involving non-party employees of non-party Katena discussing Katena's business strategy and customer acquisition in addition to purely private matters.  The public has minimal (if any) interest in this document because it is not relevant in any way to the instant motion, and Coinmint does not cite to or rely upon the document in support of its legal argument.

The stipulated protective order from the arbitration prohibits Coinmint from using documents produced as "confidential" for any purpose other than the arbitration and also prohibits Coinmint from distributing those confidential documents to members of the public |

| Document Description | Sealing Description | Justification for Sealing |
|---|---|---|
| Exhibit 20 to the Liu Declaration | Entirety of exhibit | Compelling reasons exist to seal the entirety of this exhibit as it includes discussions of Katena's legally-protected, commercially sensitive business information that, if disclosed, would cause Katena commercial and economic harm and injure its competitive standing in a very competitive industry.  Specifically, this exhibit is a series of text messages between two non-party employees of non-party Katena discussing Katena's business strategy, pricing and customer acquisition in addition to purely private matters.  The public has minimal (if any) interest in this document because it is not relevant in any way to the instant motion, and Coinmint does not cite to or rely upon the document in support of its legal argument.<br><br>The stipulated protective order from the arbitration prohibits Coinmint from using documents produced as "confidential" for any purpose other than the arbitration and also prohibits Coinmint from distributing those confidential documents to members of the public |

| Document Description | Sealing Description | Justification for Sealing |
|---|---|---|
| Exhibit 21 to the Liu Declaration | Entirety of exhibit | Compelling reasons exist to seal the entirety of this exhibit as it includes discussions of Katena's legally-protected, commercially sensitive business information that, if disclosed, would cause Katena commercial and economic harm and injure its competitive standing in a very competitive industry.  Specifically, this exhibit is a series of emails between a non-party employee of non-party Katena and Katena's investment bank (also a non-party) discussing Katena's business strategy, financials, performance metrics, and customer acquisition.  The public has minimal (if any) interest in this document because it is not relevant in any way to the instant motion, and Coinmint does not cite to or rely upon the document in support of its legal argument.<br><br>The stipulated protective order from the arbitration prohibits Coinmint from using documents produced as "confidential" for any purpose other than the arbitration and also prohibits Coinmint from distributing those confidential documents to members of the public. |

Decl. of David D. Eaton In Support of Non-Party Katena Computing Technologies, Inc.'s Response to Administrative Motion To Consider Whether Another Party's Material Should Be Sealed

| Document Description | Sealing Description | Justification for Sealing |
|---|---|---|
| Exhibit 22 to the Liu Declaration | Entirety of exhibit | Compelling reasons exist to seal the entirety of this exhibit as it includes discussions of Katena's legally-protected, commercially sensitive business information that, if disclosed, would cause Katena commercial and economic harm and injure its competitive standing in a very competitive industry.  Specifically, this exhibit is a series of text messages between two non-party employees of non-party Katena discussing Katena's business strategy, pricing and customer acquisition in addition to purely private matters.  The public has minimal (if any) interest in this document because it is not relevant in any way to the instant motion, and Coinmint does not cite to or rely upon the document in support of its legal argument.  <br><br> The stipulated protective order from the arbitration prohibits Coinmint from using documents produced as "confidential" for any purpose other than the arbitration and also prohibits Coinmint from distributing those confidential documents to members of the public |

| Document Description | Sealing Description | Justification for Sealing |
|---|---|---|
| Exhibit 23 to the Liu Declaration | Entirety of exhibit | Compelling reasons exist to seal the entirety of this exhibit as it includes discussions of Katena's legally-protected, commercially sensitive business information that, if disclosed, would cause Katena commercial and economic harm and injure its competitive standing in a very competitive industry.  Specifically, this exhibit is a series of text messages between two non-party employees of non-party Katena discussing Katena's business strategy, pricing and customer acquisition in addition to purely private matters.  The public has minimal (if any) interest in this document because it is not relevant in any way to the instant motion, and Coinmint does not cite to or rely upon the document in support of its legal argument.<br><br>The stipulated protective order from the arbitration prohibits Coinmint from using documents produced as "confidential" for any purpose other than the arbitration and also prohibits Coinmint from distributing those confidential documents to members of the public |

Decl. of David D. Eaton In Support of Non-Party Katena Computing Technologies, Inc.'s Response
to Administrative Motion To Consider Whether Another Party's Material Should Be Sealed

| Document Description | Sealing Description | Justification for Sealing |
|---|---|---|
| Exhibit 24 to the Liu Declaration | Entirety of exhibit | Compelling reasons exist to seal the entirety of this exhibit as it includes discussions of Katena's legally-protected, commercially sensitive business information that, if disclosed, would cause Katena commercial and economic harm and injure its competitive standing in a very competitive industry.  Specifically, this exhibit is a series of text messages between two non-party employees of non-party Katena discussing Katena's business strategy, pricing and customer acquisition in addition to purely private matters.  The public has minimal (if any) interest in this document because it is not relevant in any way to the instant motion, and Coinmint does not cite to or rely upon the document in support of its legal argument.<br><br>The stipulated protective order from the arbitration prohibits Coinmint from using documents produced as "confidential" for any purpose other than the arbitration and also prohibits Coinmint from distributing those confidential documents to members of the public |

Decl. of David D. Eaton In Support of Non-Party Katena Computing Technologies, Inc.'s Response
to Administrative Motion To Consider Whether Another Party's Material Should Be Sealed

| Document Description | Sealing Description | Justification for Sealing |
|---|---|---|
| Exhibit 27 to the Liu Declaration | Entirety of exhibit | Compelling reasons exist to seal the entirety of this exhibit as it includes discussions of Katena's legally-protected, commercially sensitive business information that, if disclosed, would cause Katena commercial and economic harm and injure its competitive standing in a very competitive industry.  Specifically, this exhibit is a series of text messages between two non-party employees of non-party Katena discussing Katena's business strategy, pricing and customer acquisition in addition to purely private matters.  The public has minimal (if any) interest in this document because it is not relevant in any way to the instant motion, and Coinmint does not cite to or rely upon the document in support of its legal argument.

The stipulated protective order from the arbitration prohibits Coinmint from using documents produced as "confidential" for any purpose other than the arbitration and also prohibits Coinmint from distributing those confidential documents to members of the public |

11.     As for the five exhibits (Exhibits 1, 10, 25, 26, and 28) to the Liu Declaration that were produced by Coinmint, Coinmint had no basis to seal them because this Administrative Motion is limited to documents designated by another party and produced pursuant to a protective order.  Civ. L.R. 79-5(c), (f).  Katena did not produce these documents and has no claim to their confidentiality.  Therefore, Exhibits 1, 10, 25, 26, and 28 to the Liu Declaration should be filed publicly.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 27th day of March 2023, in Santa Fe, New Mexico.

/s/David D. Eaton

David D. Eaton

## **ATTESTATION**

I hereby attest that I have on file all holographic signatures corresponding to any signatures indicated by a conformed signature (/s/) within this e-filed document.

/s/David P. Chiappetta

David P. Chiappetta