**PERKINS COIE LLP**

David P. Chiappetta, Bar No. 172099
DChiappetta@perkinscoie.com
Lauren A. Trambley, Bar No. 340634
LTrambley@perkinscoie.com
505 Howard Street, Suite 1000
San Francisco, California 94105
Telephone: +1.415.344.7000
Facsimile:  +1.415.344.7050

John R. Hardin, *pro hac vice*
JohnHardin@perkinscoie.com
500 N. Akard Street, Suite 3300
Dallas, Texas 75201
Telephone:  214.965.7700
Facsimile:  214.965.7799

Jacob J. Taber, *pro hac vice*
JTaber@perkinscoie.com
1155 Avenue of the Americas, 22nd Floor
New York, New York 10036-2711
Telephone:  212.262.6900
Facsimile:  212.977.1649

Attorneys for Defendant Sagar Reddy

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| COINMINT, LLC,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DX CORR DESIGN, INC., a California corporation, SAGAR REDDY, an individual, ROBERT BLECK, an individual, JIM DENAUT, an individual, FRANK KINNEY, an individual, and DOES 1-40, inclusive,<br><br>　　　　Defendants. | Case No. 3:23-cv-00599-RS<br><br>**DECLARATION OF DAVID D. EATON IN SUPPORT OF NON-PARTY KATENA COMPUTING TECHNOLOGY, INC.'S STATEMENT IN SUPPORT OF SEALING CERTAIN CONFIDENTIAL BUSINESS MATERIALS FILED BY PLAINTIFF PROVISIONALLY UNDER SEAL [ECF NO. 22]** |

-1-

3:23-CV-00599-RS

DECLARATION OF DAVID D. EATON IN SUPPORT OF NON-PARTY KATENA COMPUTING TECHNOLOGY, INC.'S
STATEMENT IN SUPPORT OF SEALING CERTAIN CONFIDENTIAL BUSINESS MATERIALS FILED BY PLAINTIFF
PROVISIONALLY UNDER SEAL [ECF NO. 22]

Pursuant to Civil Local Rule 79-5(f)(3), I declare as follows:

1. I am General Counsel for non-party Katena Computing Technologies, Inc. ("Katena"), which is not a party to the above-captioned case. I am over the age of eighteen and competent to make this Declaration. I make each of the following statements based on my personal knowledge and I could, if necessary, testify to the truth of each of them.

2. I submit this declaration in response to Plaintiff Coinmint, LLC's ("Coinmint") Administrative Motion to Consider Whether Another Party's Material Should be Sealed Pursuant to Civil Local Rule 79-5 pertaining to Coinmint's Complaint and purported First Amended Complaint ("FAC"), which are attached to the Declaration of Kevin Liu.

3. Katena seeks to redact certain portions of Coinmint's Complaint and FAC and to seal certain exhibits attached thereto.

4. The exhibits to be sealed, which are quoted or paraphrased in the portions of the Complaint and FAC to be redacted, were each produced by Katena in a currently pending AAA arbitration between Coinmint and Katena. The documents were designated by Katena as "CONFIDENTIAL" pursuant to a stipulated protective order between Katena and Coinmint. That stipulated protective order prohibits Coinmint from using those confidential documents for any purpose other than the arbitration and also prohibits Coinmint from distributing those confidential documents to members of the public.

5. I understand that although there is a presumption of public access to judicial records, that right is not absolute, and a court may seal documents offered in evidence at a trial upon showing of compelling reason to keep certain information confidential.

6. A document may be sealed if a party establishes that (1) "legitimate private or public interests…warrant sealing," (2) injury…will result if sealing is denied," and (3) "a less restrictive alternative to sealing is not sufficient." Civ. L.R. 79-5(c). To that end, a party must present "compelling reasons" for the sealing request. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016). In applying the compelling-reasons test, a court balances

-2-

3:23-CV-00599-RS

DECLARATION OF DAVID D. EATON IN SUPPORT OF NON-PARTY KATENA COMPUTING TECHNOLOGY, INC.'S STATEMENT IN SUPPORT OF SEALING CERTAIN CONFIDENTIAL BUSINESS MATERIALS FILED BY PLAINTIFF PROVISIONALLY UNDER SEAL [ECF NO. 22]

the public's interest in disclosure with the party's interest in keeping the records secret. *Id.* The Ninth Circuit has explained that "the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets" constitute "compelling reasons" to seal court records. *Kamakana v. City of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006).

7. The Complaint, the FAC, and certain attached exhibits contain commercially sensitive information, including Katena's pitch materials, private and confidential communications, and non-public pricing information that would harm Katena's competitive standing in a very competitive industry if they were publicly disclosed. Courts have found that trade secrets and other confidential business information in the form of "license agreements, financial terms, details of confidential licensing negotiations, and business strategies" also satisfy the "compelling reasons" standard. *See Apple Inc. v. Psystar Corp.*, 658 F.3d 1150, 1162 (9th Cir. 2011) ("The publication of materials that could result in infringement upon trade secrets has long been considered a factor that would overcome this strong presumption."); *In re Qualcomm Litig.*, 2017 WL 5176922, at *2 (S.D. Cal. Nov. 8, 2017) (observing that sealing such information "prevent[ed] competitors from gaining insight into the parties' business model and strategy); *Algarin v. Maybelline, LLC*, 2014 WL 690410, at *3 (S.D. Cal. Feb. 21, 2014) ("Where a party shows that its documents contain sources of business information that might harm its competitive standing, the need for public access to the records is lessened."). As the Supreme Court explained in *Nixon v. Warner Commc'ns, Inc.*, "the common-law right of inspection has bowed before the power of a court to [e]nsure that its records" do not "serve as…sources of business information that might harm a litigant's competitive standing." 435 U.S. 589, 598 (1978).

8. The third-party documents here also implicate substantial privacy interests of non-parties. Katena, of course, is not a party to this action and has not produced any documents in this action. Many of the documents that Coinmint has attached to the Complaint and FAC are long text-message threads between non-party employees of Katena in which they discuss both commercially sensitive matters related to Katena's business strategy, pricing, and customer

acquisition, and purely private matters.  There is little public interest in reviewing the private text-message communications of non-party employees of a non-party.  *See, e.g.*, *Doyle v. Galderma, Inc.*, 2021 WL 4926999, at *1 (N.D. Cal. Apr. 27, 2021) (holding that the "constitutionally-protected privacy interests" of non-party employees "present compelling reasons to justify a sealing order" and that these privacy interests outweigh any public interest in accessing the document); *Monster Energy Co. v. Vital Pharms., Inc.*, 2022 WL 17222293, at *2 (C.D. Cal. Oct. 26, 2022) (finding "compelling reasons to seal" exhibits containing "private information about nonparties").

9.  These documents should also be sealed because Coinmint has submitted them for an improper purpose.  Coinmint has attached these documents to its Complaint and FAC not because they evidence any wrongdoing by the Defendants, but rather to gratify Coinmint's "private spite" and "circulate libelous statements" regarding Katena and its employees who are not parties to this proceeding.  *See Kamakana*, 447 F.3d at 1179.  Coinmint seeks to damage Katena's public reputation in order to obtain leverage against Katena in the ongoing arbitration (including by leveling false accusations against Katena that, if made outside the shield of the litigation privilege, would expose Coinmint to additional liability).  That is not a proper purpose that might support a public interest in reviewing non-party Katena's commercially sensitive and private documents and internal employee communications.

10. Katena submits that certain discrete portions of the Complaint and FAC should be redacted because they directly quote or disclose the contents of the commercially sensitive business records of Katena attached as exhibits to the Complaint and FAC.  Additionally, for the reasons described in the chart below, sealing the following exhibits in their entirety is appropriate and Katena has narrowly tailored its request with this Administrative Motion, seeking to file under seal only the information that is confidential.  *Kamakana*, 447 F.3d at 1178–80.

-4-

3:23-CV-00599-RS
DECLARATION OF DAVID D. EATON IN SUPPORT OF NON-PARTY KATENA COMPUTING TECHNOLOGY, INC.'S STATEMENT IN SUPPORT OF SEALING CERTAIN CONFIDENTIAL BUSINESS MATERIALS FILED BY PLAINTIFF PROVISIONALLY UNDER SEAL [ECF NO. 22]

| Document Description | Sealing Description | Justification for Sealing |
|---|---|---|
| Coinmint's Complaint and First Amended Complaint | 4:1-4, 4:10-12, 4:15-16, 6:23-7:2, 7:7-10, 7:13-17, 7:21-25, 8:1-24, 9:7-10:2, 10:9-16, 10:22-11:3, 11:9-18, 12:2-8, 12:18-21, 13:1-10, 13:12-17, 14:3-5, 14:18-22, 15:24-27, 18:23-27, 19:10-14, 20:21-23, | Compelling reasons exist to redact portions of the Complaint and First Amended Complaint because it quotes directly from and provides a description of non-party Katena's legally-protected, commercially sensitive business information that, if disclosed, would cause Katena commercial and economic harm and injure its competitive standing in a very competitive industry. The public has minimal (if any) interest in this information.<br><br>The stipulated protective order from the arbitration prohibits Coinmint from using documents produced as "confidential" for any purpose other than the arbitration, including quoting from such documents for purposes of its complaint, and also prohibits Coinmint from distributing those confidential documents to members of the public. |

-5-

3:23-CV-00599-RS
DECLARATION OF DAVID D. EATON IN SUPPORT OF NON-PARTY KATENA COMPUTING TECHNOLOGY, INC.'S STATEMENT IN SUPPORT OF SEALING CERTAIN CONFIDENTIAL BUSINESS MATERIALS FILED BY PLAINTIFF PROVISIONALLY UNDER SEAL [ECF NO. 22]

| Document Description | Sealing Description | Justification for Sealing |
|---|---|---|
| Exhibit 1 to Coinmint's Complaint and First Amended Complaint | Entirety of exhibit | Compelling reasons exist to seal the entirety of this exhibit as it includes discussions of Katena's legally-protected, commercially sensitive business information that, if disclosed, would cause Katena commercial and economic harm and injure its competitive standing in a very competitive industry. Specifically, this exhibit is a PowerPoint of non-party Katena's investor presentation, which contains non-public proprietary information regarding its manufacturing and product development and operations. The public has minimal (if any) interest in this document because it is not relevant in any way to the instant motion, and Coinmint does not cite to or rely upon the document in support of its legal argument.<br><br>The stipulated protective order from the arbitration prohibits Coinmint from using documents produced as "confidential" for any purpose other than the arbitration and also prohibits Coinmint from distributing those confidential documents to members of the public. |

-6-

3:23-CV-00599-RS

DECLARATION OF DAVID D. EATON IN SUPPORT OF NON-PARTY KATENA COMPUTING TECHNOLOGY, INC.'S
STATEMENT IN SUPPORT OF SEALING CERTAIN CONFIDENTIAL BUSINESS MATERIALS FILED BY PLAINTIFF
PROVISIONALLY UNDER SEAL [ECF NO. 22]

| Document Description | Sealing Description | Justification for Sealing |
|---|---|---|
| Exhibit 2 of Complaint and First Amended Complaint | Entirety of exhibit | Compelling reasons exist to seal the entirety of this exhibit as it includes discussions of Katena's legally-protected, commercially sensitive business information that, if disclosed, would cause Katena commercial and economic harm and injure its competitive standing in a very competitive industry. Specifically, this exhibit is a series of text messages between two non-party employees of non-party Katena discussing Katena's business strategy, pricing and customer acquisition in addition to purely private matters. The public has minimal (if any) interest in this document because it is not relevant in any way to the instant motion, and Coinmint does not cite to or rely upon the document in support of its legal argument.<br><br>The stipulated protective order from the arbitration prohibits Coinmint from using documents produced as "confidential" for any purpose other than the arbitration and also prohibits Coinmint from distributing those confidential documents to members of the public |

-7-

3:23-CV-00599-RS

DECLARATION OF DAVID D. EATON IN SUPPORT OF NON-PARTY KATENA COMPUTING TECHNOLOGY, INC.'S STATEMENT IN SUPPORT OF SEALING CERTAIN CONFIDENTIAL BUSINESS MATERIALS FILED BY PLAINTIFF PROVISIONALLY UNDER SEAL [ECF NO. 22]

| Document Description | Sealing Description | Justification for Sealing |
|---|---|---|
| Exhibit 3 to Coinmint's Complaint and First Amended Complaint | Entirety of exhibit | Compelling reasons exist to seal the entirety of this exhibit as it includes discussions of Katena's legally-protected, commercially sensitive business information that, if disclosed, would cause Katena commercial and economic harm and injure its competitive standing in a very competitive industry.  Specifically, this exhibit is a series of emails including non-party employees of non-party Katena discussing Katena's personnel matters.  The public has minimal (if any) interest in this document because it is not relevant in any way to the instant motion, and Coinmint does not cite to or rely upon the document in support of its legal argument.<br><br>The stipulated protective order from the arbitration prohibits Coinmint from using documents produced as "confidential" for any purpose other than the arbitration and also prohibits Coinmint from distributing those confidential documents to members of the public |

-8-

3:23-CV-00599-RS
DECLARATION OF DAVID D. EATON IN SUPPORT OF NON-PARTY KATENA COMPUTING TECHNOLOGY, INC.'S STATEMENT IN SUPPORT OF SEALING CERTAIN CONFIDENTIAL BUSINESS MATERIALS FILED BY PLAINTIFF PROVISIONALLY UNDER SEAL [ECF NO. 22]

| Document Description | Sealing Description | Justification for Sealing |
|---|---|---|
| Exhibit 4 of Complaint and First Amended Complaint | Entirety of exhibit | Compelling reasons exist to seal the entirety of this exhibit as it includes discussions of Katena's legally-protected, commercially sensitive business information that, if disclosed, would cause Katena commercial and economic harm and injure its competitive standing in a very competitive industry. Specifically, this exhibit is a series of text messages between two non-party employees of non-party Katena discussing Katena's business strategy, pricing and customer acquisition in addition to purely private matters. The public has minimal (if any) interest in this document because it is not relevant in any way to the instant motion, and Coinmint does not cite to or rely upon the document in support of its legal argument.<br><br>The stipulated protective order from the arbitration prohibits Coinmint from using documents produced as "confidential" for any purpose other than the arbitration and also prohibits Coinmint from distributing those confidential documents to members of the public |

-9-

3:23-CV-00599-RS

DECLARATION OF DAVID D. EATON IN SUPPORT OF NON-PARTY KATENA COMPUTING TECHNOLOGY, INC.'S
STATEMENT IN SUPPORT OF SEALING CERTAIN CONFIDENTIAL BUSINESS MATERIALS FILED BY PLAINTIFF
PROVISIONALLY UNDER SEAL [ECF NO. 22]

| Document Description | Sealing Description | Justification for Sealing |
|---|---|---|
| Exhibit 5 to Coinmint's Complaint and First Amended Complaint | Entirety of exhibit | Compelling reasons exist to seal the entirety of this exhibit as it includes discussions of Katena's legally-protected, commercially sensitive business information that, if disclosed, would cause Katena commercial and economic harm and injure its competitive standing in a very competitive industry.  Specifically, this exhibit is a series of text messages involving non-party employees of non-party Katena discussing Katena's business strategy, personnel matters, and customer acquisition in addition to purely private matters.  The public has minimal (if any) interest in this document because it is not relevant in any way to the instant motion, and Coinmint does not cite to or rely upon the document in support of its legal argument.<br><br>The stipulated protective order from the arbitration prohibits Coinmint from using documents produced as "confidential" for any purpose other than the arbitration and also prohibits Coinmint from distributing those confidential documents to members of the public |

-10-

3:23-CV-00599-RS
DECLARATION OF DAVID D. EATON IN SUPPORT OF NON-PARTY KATENA COMPUTING TECHNOLOGY, INC.'S STATEMENT IN SUPPORT OF SEALING CERTAIN CONFIDENTIAL BUSINESS MATERIALS FILED BY PLAINTIFF PROVISIONALLY UNDER SEAL [ECF NO. 22]

| Document Description | Sealing Description | Justification for Sealing |
|---|---|---|
| Exhibit 6 of Complaint and First Amended Complaint | Entirety of exhibit | Compelling reasons exist to seal the entirety of this exhibit as it includes discussions of Katena's legally-protected, commercially sensitive business information that, if disclosed, would cause Katena commercial and economic harm and injure its competitive standing in a very competitive industry.  Specifically, this exhibit is a series of text messages between two non-party employees of non-party Katena discussing Katena's business strategy, pricing and customer acquisition in addition to purely private matters.  The public has minimal (if any) interest in this document because it is not relevant in any way to the instant motion, and Coinmint does not cite to or rely upon the document in support of its legal argument.<br><br>The stipulated protective order from the arbitration prohibits Coinmint from using documents produced as "confidential" for any purpose other than the arbitration and also prohibits Coinmint from distributing those confidential documents to members of the public |

-11-

3:23-CV-00599-RS

DECLARATION OF DAVID D. EATON IN SUPPORT OF NON-PARTY KATENA COMPUTING TECHNOLOGY, INC.'S STATEMENT IN SUPPORT OF SEALING CERTAIN CONFIDENTIAL BUSINESS MATERIALS FILED BY PLAINTIFF PROVISIONALLY UNDER SEAL [ECF NO. 22]

| Document Description | Sealing Description | Justification for Sealing |
|---|---|---|
| Exhibit 7 to Coinmint's Complaint and First Amended Complaint | Entirety of exhibit | Compelling reasons exist to seal the entirety of this exhibit as it includes discussions of Katena's legally-protected, commercially sensitive business information that, if disclosed, would cause Katena commercial and economic harm and injure its competitive standing in a very competitive industry.  Specifically, this exhibit is a series of text messages between non-party employees of non-party Katena discussing Katena's business strategy, pricing, personnel matters, and customer acquisition in addition to purely private matters.  The public has minimal (if any) interest in this document because it is not relevant in any way to the instant motion, and Coinmint does not cite to or rely upon the document in support of its legal argument.<br><br>The stipulated protective order from the arbitration prohibits Coinmint from using documents produced as "confidential" for any purpose other than the arbitration and also prohibits Coinmint from distributing those confidential documents to members of the public |

-12-

3:23-CV-00599-RS

DECLARATION OF DAVID D. EATON IN SUPPORT OF NON-PARTY KATENA COMPUTING TECHNOLOGY, INC.'S STATEMENT IN SUPPORT OF SEALING CERTAIN CONFIDENTIAL BUSINESS MATERIALS FILED BY PLAINTIFF PROVISIONALLY UNDER SEAL [ECF NO. 22]

| Document Description | Sealing Description | Justification for Sealing |
|---|---|---|
| Exhibit 11 of Complaint and First Amended Complaint | Entirety of exhibit | Compelling reasons exist to seal the entirety of this exhibit as it includes discussions of Katena's legally-protected, commercially sensitive business information that, if disclosed, would cause Katena commercial and economic harm and injure its competitive standing in a very competitive industry. Specifically, this exhibit is a series of text messages between two non-party employees of non-party Katena discussing Katena's business strategy, pricing and customer acquisition in addition to purely private matters. The public has minimal (if any) interest in this document because it is not relevant in any way to the instant motion, and Coinmint does not cite to or rely upon the document in support of its legal argument.<br><br>The stipulated protective order from the arbitration prohibits Coinmint from using documents produced as "confidential" for any purpose other than the arbitration and also prohibits Coinmint from distributing those confidential documents to members of the public |

| Document Description | Sealing Description | Justification for Sealing |
|---|---|---|
| Exhibit 12 of Complaint and First Amended Complaint | Entirety of exhibit | Compelling reasons exist to seal the entirety of this exhibit as it includes discussions of Katena's legally-protected, commercially sensitive business information that, if disclosed, would cause Katena commercial and economic harm and injure its competitive standing in a very competitive industry. Specifically, this exhibit is a series of text messages between two non-party employees of non-party Katena discussing Katena's business strategy, pricing and customer acquisition in addition to purely private matters. The public has minimal (if any) interest in this document because it is not relevant in any way to the instant motion, and Coinmint does not cite to or rely upon the document in support of its legal argument.<br><br>The stipulated protective order from the arbitration prohibits Coinmint from using documents produced as "confidential" for any purpose other than the arbitration and also prohibits Coinmint from distributing those confidential documents to members of the public |

-14-

3:23-CV-00599-RS
DECLARATION OF DAVID D. EATON IN SUPPORT OF NON-PARTY KATENA COMPUTING TECHNOLOGY, INC.'S STATEMENT IN SUPPORT OF SEALING CERTAIN CONFIDENTIAL BUSINESS MATERIALS FILED BY PLAINTIFF PROVISIONALLY UNDER SEAL [ECF NO. 22]

| Document Description | Sealing Description | Justification for Sealing |
|---|---|---|
| Exhibit 13 of Complaint and First Amended Complaint | Entirety of exhibit | Compelling reasons exist to seal the entirety of this exhibit as it includes discussions of Katena's legally-protected, commercially sensitive business information that, if disclosed, would cause Katena commercial and economic harm and injure its competitive standing in a very competitive industry. Specifically, this exhibit is a series of text messages between two non-party employees of non-party Katena discussing Katena's business strategy, pricing and customer acquisition in addition to purely private matters. The public has minimal (if any) interest in this document because it is not relevant in any way to the instant motion, and Coinmint does not cite to or rely upon the document in support of its legal argument.<br><br>The stipulated protective order from the arbitration prohibits Coinmint from using documents produced as "confidential" for any purpose other than the arbitration and also prohibits Coinmint from distributing those confidential documents to members of the public |

-15-

3:23-CV-00599-RS

DECLARATION OF DAVID D. EATON IN SUPPORT OF NON-PARTY KATENA COMPUTING TECHNOLOGY, INC.'S STATEMENT IN SUPPORT OF SEALING CERTAIN CONFIDENTIAL BUSINESS MATERIALS FILED BY PLAINTIFF PROVISIONALLY UNDER SEAL [ECF NO. 22]

| Document Description | Sealing Description | Justification for Sealing |
|---|---|---|
| Exhibit 14 of the Complaint and First Amended Complaint | Entirety of exhibit | Compelling reasons exist to seal the entirety of this exhibit as it includes discussions of Katena's legally-protected, commercially sensitive business information that, if disclosed, would cause Katena commercial and economic harm and injure its competitive standing in a very competitive industry. Specifically, this exhibit is a series of text messages involving non-party employees of non-party Katena discussing Katena's business strategy and customer acquisition in addition to purely private matters. The public has minimal (if any) interest in this document because it is not relevant in any way to the instant motion, and Coinmint does not cite to or rely upon the document in support of its legal argument.<br><br>The stipulated protective order from the arbitration prohibits Coinmint from using documents produced as "confidential" for any purpose other than the arbitration and also prohibits Coinmint from distributing those confidential documents to members of the public |

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 28th day of March 2023, in Santa Fe, New Mexico.

/s/David D. Eaton
David D. Eaton

-16-

3:23-CV-00599-RS
DECLARATION OF DAVID D. EATON IN SUPPORT OF NON-PARTY KATENA COMPUTING TECHNOLOGY, INC.'S STATEMENT IN SUPPORT OF SEALING CERTAIN CONFIDENTIAL BUSINESS MATERIALS FILED BY PLAINTIFF PROVISIONALLY UNDER SEAL [ECF NO. 22]

**ATTESTATION**

I hereby attest that I have on file all holographic signatures corresponding to any signatures indicated by a conformed signature (/s/) within this e-filed document.

/s/David Chiappetta

David Chiappetta

-17-

3:23-CV-00599-RS

DECLARATION OF DAVID D. EATON IN SUPPORT OF NON-PARTY KATENA COMPUTING TECHNOLOGY, INC.'S STATEMENT IN SUPPORT OF SEALING CERTAIN CONFIDENTIAL BUSINESS MATERIALS FILED BY PLAINTIFF PROVISIONALLY UNDER SEAL [ECF NO. 22]