FLETCHER C. ALFORD (SBN: 152314)
falford@grsm.com
KEVIN LIU (SBN: 295287)
kliu@grsm.com
MYLES LANZONE (SBN: 257791)
mlanzone@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 986-5900
Facsimile: (415) 986-8054

ROBERT LEMUS (PRO HAC VICE FORTHCOMING)
rlemus@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
3D/International Tower
1900 West Loop South, Suite 1000
Houston, TX 77027
Telephone: (713) 490-4876

Attorneys for Plaintiff
COINMINT, LLC

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COINMINT, LLC, <br><br> Plaintiff, <br><br> vs. <br><br> DX CORR DESIGN, INC., a California Corporation, SAGAR REDDY, an individual, ROBERT BLECK, an individual, JIM DENAUT, an individual, FRANK KINNEY, an individual, and DOES 1- 40, inclusive, <br><br> Defendants. | CASE NO. 3:23-cv-00599-RS <br><br> **COINMINT, LLC'S RESPONSE TO DESIGNATING PARTY KATENA COMPUTING TECHNOLOGIES, INC.'S REQUEST TO SEAL CERTAIN PORTIONS OF COINMINT'S COMPLAINT AND FIRST AMENDED COMPLAINT** <br><br> Civil Local Rule 79-5(f)(4) |

Pursuant to Civil Local Rule 79-5(f)(4), Plaintiff Coinmint, LLC ("Coinmint") hereby submits its response to Designating Party Katena Computing Technologies, Inc. ("Katena")'s request to seal certain portions of Coinmint's Complaint, First Amended Complaint ("FAC"), and exhibits attached thereto.

Katena seeks to seal certain portions of Coinmint's Complaint, FAC, as well as the entirety of 11 exhibits attached thereto. However, Katena's request should be denied for at least four reasons because it has failed to meet its burden of showing compelling reasons sufficient to overcome the strong presumption in favor of public access.

1. **The Documents Katena Seeks to Seal do not Contain any Confidential or Commercially Sensitive Business Information**

First, Katena claims in conclusory fashion that the documents it seeks to seal contain confidential, legally-protected, commercially sensitive business information. However, conclusory statements claiming that the contents of documents are confidential or sensitive are insufficient to rise to the level of "compelling reasons" necessary to justify sealing. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1182 (9th Cir. 2006) (upholding order denying motion to seal because the supporting declarations consisted of "conclusory statements about the content of the documents—that they are confidential and that, in general, their production would, amongst other things, hinder CIU's future operations with other agencies, endanger informants' lives, and cast HPD officers in a false light.") Furthermore, documents that have been designated "confidential" pursuant to a protective order do not justify sealing. L.R. 79-5(c); see also *Kamakana*, 447 F.3d at 1183 ("a non-party's reliance on a blanket protective order is unreasonable and is not a "compelling reason" that rebuts the presumption of access.")

Here, there is nothing that is even arguably confidential, proprietary, or trade secret in any of the documents Katena seeks to seal. Katena's conclusory assertion that the documents contain "legally-protected, commercially sensitive business information" is easily contradicted by the face of the documents. These documents do not contain any discussions of sensitive

-1-

**COINMINT, LLC'S RESPONSE TO DESIGNATING PARTY KATENA COMPUTING TECHNOLOGIES, INC.'S REQUEST TO SEAL DOCUMENTS FILED IN SUPPORT OF OPPOSITION TO REDDY'S MOTION TO STAY**   Case No. 3:23-cv-00599-RS

business information nor does it reveal "Katena's business strategy." The only strategy that is revealed is Katena's fraudulent scheme to conspire with the defendants in this action to defraud Coinmint. Accordingly, Katena's conclusory assertions are insufficient to overcome the presumption of public access. The right of public access is particularly important here because there is a high level of public interest concerning fraud in the cryptocurrency industry given the prevalence of fraudulent schemes that have been recently uncovered, including the fraud perpetrated by Sam Bankman-Fried, the former CEO of FTX.

2. **Katena's Generalized Statements of Harm is Insufficient to Satisfy the Compelling Reasons Standard**

Second, Katena has failed to explain how it would be harmed if sealing is denied other than repeating vague and generic references of economic harm and losing "competitive standing." The law is clear that "[b]road allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.,* 966 F.2d 470, 476 (9th Cir. 1992) (quotation omitted). This Court has also repeatedly held that unsupported assertions of unfair advantage to competitors without explaining how the competitor would use the information to obtain an unfair advantage is insufficient to justify sealing. *In re Pac. Fertility Ctr. Litig.*, No. 18-CV-01586, 2021 WL 1081129, at *2 (N.D. Cal. Feb. 18, 2021) (holding that "generalized statement that exposure of 'commercially sensitive business information would allow potential competitors to gain insight into ... operations and business relationships such that its business could be significantly and irreparable harmed' fails to satisfy the compelling reasons standard."); *In re Twitter Inc. Securities Litigation*, No. 15-CV-05314, 2020 WL 2519888, at *2 (N.D. Cal. May 18, 2020) (denying motion to seal because "accompanying declaration consist merely of generic assertions that the Court's Order contains "highly sensitive, confidential, and proprietary information, including non-public information about Twitter's operating metrics, the public disclosure of which would place Twitter at a competitive disadvantage."); *Ochoa v. McDonald's Corp.*, No. 14-CV-02098, 2015 WL 3545921, at *1 (N.D. Cal. June 5, 2015) (declining to seal "franchise agreements"

-2-

because supporting declaration "simply sa[id] that the documents 'contain confidential and proprietary business information, including financial terms' that if disclosed 'may be exploited by competitors.'"); *Apple Inc. v. Samsung Elecs. Co.*, No. 11-CV01846, 2013 WL 412864, at *2 (N.D. Cal. Feb. 1, 2013) ("Although Samsung recites boilerplate terms that this information is proprietary and confidential, it does not provide a particularized showing of how this information would be detrimental if disclosed.").

Here, the only "evidence" Katena has submitted in support of its request to seal is the declaration of its general counsel, David Eaton. However, Mr. Eaton's declaration does not even attempt to explain how a competitor could use the information sought to be sealed to obtain an unfair advantage. Moreover, despite this Court's requirement to provide an explanation of "the injury that will result if sealing is denied," Mr. Eaton's declaration consists merely of speculative and generalized statements of harm without any particularized showing of injury. Civil L.R. 79-5(c)(1)(ii). Consequently, Mr. Eaton's declaration is exactly the type of declaration consisting of generalized statements of harm that this Court has held is insufficient to meet the compelling reasons standard for sealing motions. *See e.g.*, *Bronson v. Samsung Electronics America, Inc.*, No. C 18-02300, 2019 WL 7810811, at *1 (N.D. Cal. May 28, 2019) (denying motion to seal and stating that "[s]upporting declarations may not rely on vague boilerplate language or nebulous assertions of potential harm but must explain with particularity why any document or portion thereof remains sealable under the applicable legal standard.")

**3. Katena Fails to Show that the Documents Sought to be Sealed Were Filed for an Improper Purpose**

Third, Katena argues that there is a compelling reason to seal because Coinmint filed these documents for an improper purpose and quotes the following language from *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006): "the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade

-3-

secrets" constitute "compelling reasons" to seal court records. However, Katena conveniently omits the very next sentence which states:

> The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records.

*Id.*

Here, Coinmint has not engaged in private spite or promoted false and libelous statements against Katena. The documents Katena seeks to seal consist of statements made by Katena, including contemporaneous text messages exchanged between Katena's principals and co-founders at each phase of their fraudulent scheme. There is absolutely nothing false or libelous in presenting Katena's fraudulent scheme **in its own words**. Katena's claim that these text messages contain private communications of its employees should also be flatly rejected. These are not text messages exchanged between random low-level employees but rather Katena's co-founders and key principals, acting in their capacity as officers of Katena. While it is true that these documents may subject Katena and its principals to embarrassment, incrimination, or regulatory and legal scrutiny, these concerns are insufficient to compel the Court to seal its records. Simply put, Katena does not have any legitimate reasons for sealing these records, and are doing so only out of fear that its wrongdoing will be exposed.

### 4. Katena Fails to Explain Why a Less Restrictive Alternative to Sealing is Not Sufficient

Civil L.R. 79-5(c) requires motions to seal to be narrowly tailored along with an explanation of "why a less alternative to sealing is not sufficient." Civil L.R. 79-5(c)(1)(iii). Requests "not narrowly tailored to seek sealing only of sealable material as required by Civil Local Rule 79-5 shall be denied." *Bronson*, 2019 WL 7810811, at *1.

Despite the Court's requirements, Katena fails to explain why alternatives to sealing is insufficient or why the entirety of 11 exhibits must be sealed instead of limiting the sealing to only portions that contain truly confidential or sensitive information. For example, Katena

-4-

claims that some of the text messages contain "purely private" matters. But if that is indeed true, then it should have requested to seal only that portion of the text message while leaving the remainder of the message available to the public. Moreover, even Katena's request to seal certain portions of the Complaint and FAC[1] is problematic and not narrowly tailored because it seeks to seal entire sections of the pleadings and even generic descriptions of the exhibits, such as the date that certain text messages were exchanged and the names of the individuals who were on the text message thread.

Katena's insistence on sealing broad and expansive portions of the pleadings, the entirety of exhibits, and its failure to even consider less restrictive alternatives to sealing is very telling. Katena simply want to keep these documents under seal due to its fear of embarrassment and having its wrongdoing exposed, and not because it has any legitimate concerns about privacy or business competition.

**5. Conclusion**

For each of the reasons set forth above, Coinmint respectfully request that Katena's request to seal be denied in its entirety.

Dated: April 3, 2023               GORDON REES SCULLY MANSUKHANI, LLP


By: */s/ Kevin Liu*
Fletcher C. Alford
Kevin Liu
Robert Lemus
Myles Lanzone
Attorneys for Plaintiff
Coinmint, LLC

---

[1] In its sealing description, Katena has identified the same pages and line numbers of the Complaint and FAC that it seeks to seal. See Declaration of David Eaton at 5:1-7. However, the pages and line numbers identified by Katena corresponds only to the Complaint. It does not appear that Katena has identified any portions of the FAC that it seeks to seal.