**PERKINS COIE LLP**
David P. Chiappetta, Bar No. 172099
DChiappetta@perkinscoie.com
Lauren A. Trambley, Bar No. 340634
LTrambley@perkinscoie.com
505 Howard Street, Suite 1000
San Francisco, California 94105
Telephone: 415.344.7000
Facsimile: 415.344.7050

John R. Hardin, *admitted pro hac vice*
JohnHardin@perkinscoie.com
500 N. Akard Street, Suite 3300
Dallas, Texas 75201
Telephone: 214.965.7700
Facsimile: 214.965.7799

Jacob J. Taber, *admitted pro hac vice*
JTaber@perkinscoie.com
1155 Avenue of the Americas, 22nd Floor
New York, New York 10036-2711
Telephone: 212.262.6900
Facsimile: 212.977.1649

Attorneys for Defendant
DxCorr Design, Inc.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| COINMINT, LLC,<br><br>Plaintiff,<br><br>v.<br><br>DX CORR DESIGN, INC., a California Corporation, SAGAR REDDY, an individual, ROBERT BLECK, an individual, JIM DENAUT, an individual, FRANK KINNEY, an individual, and DOES 1-40, inclusive,<br><br>Defendants. | Case No. 23-cv-00599-RS<br><br>**DXCORR DESIGN, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS THE FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date: May 11, 2023<br>Time: 1:30 P.M.<br>Dept: Courtroom 3 - Floor 17<br>Judge: Hon. Richard Seeborg |

# TABLE OF CONTENTS

**Page(s)**

I.   INTRODUCTION ................................................................................................ 1

II.  STATEMENT OF RELEVANT FACTS AND PROCEDURAL HISTORY ................... 2

    A.   Coinmint and Katena enter into the SPA. ............................................... 2

    B.   Coinmint breaches the agreement. .......................................................... 3

    C.   Coinmint initiates an arbitration against Katena. .................................... 3

    D.   Coinmint files this lawsuit. ..................................................................... 3

III. LEGAL STANDARD .......................................................................................... 4

IV.  ARGUMENT ...................................................................................................... 5

    A.   Coinmint fails to allege a fraud claim against DxCorr. .......................... 5

        1.   Coinmint does not allege any actionable conduct by DxCorr. ................. 5

        2.   None of the other Defendants' statements or actions can be imputed to DxCorr. ........................................................................................ 6

    B.   Coinmint fails to allege that DxCorr knowingly aided and abetted a breach of fiduciary duty. ......................................................................... 7

    C.   Coinmint fails to allege that DxCorr participated in a conspiracy. ........ 8

    D.   Coinmint fails to allege that DxCorr intentionally interfered with Coinmint's confidential and secret agreement with Bleck. ................... 9

    E.   Coinmint fails to allege that DxCorr violated section 17200 of the Business and Professions Code. ............................................................ 10

V.   CONCLUSION ................................................................................................ 11

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ........................................................................................................... 4

*Austin v. Zhang*,
    2022 WL 298573 (N.D. Cal. Feb. 1, 2022) ..................................................................... 4, 6

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007) ........................................................................................................... 4

*Blakemore v. Superior Ct.*,
    129 Cal. App. 4th 36 (2005) ............................................................................................ 10

*Casey v. U.S. Bank Nat'l Ass'n.*,
    127 Cal. App. 4th 1138 (2005) ....................................................................................... 7, 8

*Destfino v. Reiswig*,
    630 F.3d 952 (9th Cir. 2011) ............................................................................................. 5

*Eberhard v. Cal. Highway Patrol*,
    73 F. Supp. 3d 1122 (N.D. Cal. 2014) .............................................................................. 4

*Entm't Research Group, Inc. v. Genesis Creative Group, Inc.*,
    122 F.3d 1211 (9th Cir. 1997) ........................................................................................... 8

*George v. eBay, Inc.*,
    71 Cal. App. 5th 620 (2021) ........................................................................................... 7, 8

*IV Solutions, Inc. v. Conn. Gen. Life Ins. Co.*,
    2015 WL 12843822 (C.D. Cal. Jan. 29, 2015) ............................................................... 10

*Kearns v. Ford Motor Co.*,
    567 F.3d 1120 (9th Cir. 2009) ........................................................................................... 4

*Kidron v. Movie Acquisition Corp.*,
    40 Cal. App. 4th 1571 (1995) ........................................................................................ 8, 9

*Klistoff v. Superior Ct.*,
    157 Cal. App. 4th 469 (2007) ............................................................................................ 8

*Mahmoud v. Select Portfolio, Inc.*,
    2017 WL 3387470 (N.D. Cal. Aug. 7, 2017) .................................................................. 10

*Mangindin v. Wash. Mut. Bank*,
    637 F. Supp. 2d 700 (N.D. Cal. 2009) .............................................................................. 4

*Manzano v. Metlife Bank N.Y.*,
 2011 WL 2080249 (E.D. Cal. May 25, 2011)...................................................................... 2

*Mintel Learning Tech., Inc. v. Beijing Kaidi Educ. & Tech. Dev. Co., Ltd.*,
 2007 WL 2288329 (N.D. Cal. Aug. 9, 2007)........................................................................ 8

*Moore v. Kayport Package Exp., Inc.*,
 885 F.2d 531 (9th Cir. 1989).................................................................................................. 5

*Pac. Gas & Electric Co. v. Bear Stearns & Co.*,
 50 Cal. 3d 1118 (1990) .......................................................................................................... 9

*Popov v. Countrywide Fin. Corp.*,
 2009 WL 5206679 (E.D. Cal. Dec. 18, 2009)....................................................................... 2

*Rabago v. Deutsche Bank Nat'l Tr.*,
 2011 WL 2173811 (C.D. Cal. June 1, 2011) ...................................................................... 11

*Sacramento E.D.M., Inc. v. Hynes Aviation Indus., Inc.*,
 965 F. Supp. 2d 1141 (E.D. Cal. 2013).............................................................................. 10

*Semegen v. Weidner*,
 780 F.2d 727 (9th Cir. 1985).................................................................................................. 5

*United California Bank v. Maltzman*,
 44 Cal. App. 3d 41 (1974)..................................................................................................... 6

*Vess v. Ciba-Geigy Corp. USA*,
 317 F.3d 1097 (9th Cir. 2003)................................................................................................ 5

*Wasco Prods., Inc. v. Southwall Techs., Inc.*,
 435 F.3d 989 (9th Cir. 2006).................................................................................................. 8

*Watson Labs, Inc. v. Rhone-Poulenc Rorer, Inc.*,
 178 F. Supp. 2d 1099 (C.D. Cal. 2001).............................................................................. 10

*Wilhelm v. Pray, Price, Williams & Russell*,
 186 Cal. App. 3d 1324 (1986)............................................................................................... 5

*Worley v. Avanquest N. Am., Inc.*,
 2013 WL 450388 (N.D. Cal. Feb. 5, 2013).......................................................................... 6

*Wright v. Chase Home Fin. LLC*,
 2011 WL 21739806 (D. Ariz. June 2, 2011)........................................................................ 2

**STATUTES**

California
    Business And Professions Code Section 17200 .............................................................. 10

**FEDERAL RULES**

Federal Rules of Civil Procedure
    Rule 9 ........................................................................................................................... 4
    Rule 12 ......................................................................................................................... 1

**NOTICE OF MOTION AND MOTION**

PLEASE TAKE NOTICE that on May 11, 2023, at 1:30 P.M., or as soon as the matter may be heard thereafter, in the San Francisco Courthouse, 450 Golden Gate Avenue, San Francisco, California, Floor 17, Courtroom 3, before Judge Richard Seeborg or another Judge duly-assigned by the Court, Defendant DxCorr Design, Inc. [1] ("DxCorr") will and hereby does move the Court for an Order dismissing each of the claims asserted against it in this action.

In particular, DxCorr requests that each of the claims asserted against it be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) on the basis that plaintiff has failed to state a claim upon which relief can be granted.

**STATEMENT OF ISSUE TO BE DECIDED**

Whether each of the causes of action asserted against Defendant DxCorr should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

Coinmint, LLC ("Coinmint"), a sophisticated operator of one of the country's largest Bitcoin mining operations, signed a straightforward agreement to purchase Bitcoin mining rigs from non-party Katena Computing Technologies, Inc. ("Katena"). The Agreement is dated May 12, 2021, which was the same day that Bitcoin's price began to plummet. Almost immediately, Coinmint defaulted under the Sales and Purchase Agreement ("SPA") and Purchase Order ("PO") (collectively, the "Agreement"). Although Coinmint committed to making a non-refundable initial down payment of $37.5 million within three business days of signing the Agreement, it failed to pay anything timely and took months to cobble together a series of partial payments that finally totaled $23 million.

With insufficient funds to meet its contractual obligations, Coinmint began cycling through a series of asks and arguments to be released from its contractual obligations and to receive a refund of its partial payment. Coinmint instituted a AAA Arbitration against Katena seeking to terminate the Agreement and recover the $23 million in non-refundable payments that

---
[1] Plaintiff Coinmint erroneously refers to DxCorr as "DX Corr."

it made. In this collateral action, Coinmint seeks to "up the pressure" by seeking entirely duplicative damages against its own former employees and agents as well as DxCorr, despite the fact that DxCorr is a non-party to the Agreement; DxCorr's sole connection to this dispute is that it contracted with Katena to design an application-specific integrated circuit ("ASIC") for Katena's Bitcoin mining rigs.

Coinmint's First Amended Complaint[2] ("FAC") is a patchwork of vague, conclusory, and flat-out unsupportable allegations that cannot survive the pleading stage. Coinmint fails to identify any actions or representations taken by DxCorr; its allegations are instead focused solely on the other Defendants. Short of imputing the actions or statements of the other Defendants to DxCorr, which Coinmint cannot plausibly do, the causes of action alleged in the FAC fail to plead any actionable wrongdoing by DxCorr and should be dismissed.

## II. STATEMENT OF RELEVANT FACTS AND PROCEDURAL HISTORY

### A. Coinmint and Katena enter into the SPA.

Coinmint operates a large digital currency data center. FAC ¶ 11. Defendant DxCorr provides semiconductor design and consulting services. *Id.* ¶ 18. Non-party Katena is a start-up company that is focused on designing and selling Bitcoin mining rigs. *Id.* ¶ 17. It is undisputed that DxCorr and Coinmint were not in contractual privity or otherwise had any direct dealings with each other. Instead, DxCorr's only "connection" to this dispute is that it contracted with Katena to design the ASIC to be used in all of Katena's Bitcoin mining rigs.

---

[2] Coinmint purports to have filed a First Amended Complaint in state court identifying Doe 1 as its own CFO, Michael Maloney (information that Coinmint knew all along but chose to conceal for tactical reasons). *Coinmint, LLC v. Sagar Reddy, et al.*, Case No. 23CV140979 (Cal. Super. Ct. Santa Clara Cty). Under Rule 15(a)(2), Coinmint cannot again amend its complaint without Defendants' consent or the court's leave. *Popov v. Countrywide Fin. Corp.*, 2009 WL 5206679, at *1 (E.D. Cal. Dec. 18, 2009) (holding that leave was required to file a second amended complaint when "plaintiffs already amended their complaint in state court"); *see also Wright v. Chase Home Fin. LLC*, 2011 WL 21739806, at *3 (D. Ariz. June 2, 2011); *Manzano v. Metlife Bank N.Y.*, 2011 WL 2080249, at *2–3 (E.D. Cal. May 25, 2011). Coinmint did not obtain leave of Court or Defendant's consent. Until that occurs, DxCorr bases this motion on the allegations in the FAC which, with respect to DxCorr, are substantially identical to those in the Original Complaint.

In spring 2021, Coinmint and Katena began discussing a potential transaction by which Coinmint would purchase Bitcoin mining rigs from Katena. *Id.* ¶ 20. These negotiations resulted in Coinmint and Katena executing the Agreement dated May 12, 2021. *Id.* ¶¶ 19-30.

### B. Coinmint breaches the agreement.

Pursuant to the Agreement, Coinmint agreed to pay Katena $150 million for a specified quantity of Katena's mining rigs. *Id.* ¶ 30. However, within days of entering the Agreement, Coinmint materially breached by failing to make a required down payment. *Id.* ¶ 33. Coinmint has never made the agreed-upon down payment to Katena, let alone the other payments required under the Agreement; therefore, Katena never delivered bitcoin mining rigs to Coinmint.

### C. Coinmint initiates an arbitration against Katena.

Even though Coinmint is the party that materially breached the Agreement, in April 2022, Coinmint initiated a AAA Arbitration against Katena. *Id.* ¶ 10. In that Arbitration, Coinmint seeks the same relief from Katena that it seeks from DxCorr here—the $23 million in nonrefundable partial payments that it made pursuant to the Agreement. Given the plain wording of the Agreement, Coinmint's undisputed material breach of the Agreement, and the lack of any defenses to Katena's breach of contract claim, Coinmint instead claimed that the contract was a product of fraud and asked the arbitrators to terminate it.

### D. Coinmint files this lawsuit.

On January 27, 2023, Coinmint filed this lawsuit in the Superior Court of California, Santa Clara County. On February 9, 2023, Defendant Sagar Reddy removed this lawsuit to this Court. ECF No. 1.

The FAC asserts a number of claims against Defendants Reddy, DxCorr, and former Coinmint employees and/or independent contractors[3] James DeNaut, Frank Kinney, Robert Bleck, and Michael Maloney. Coinmint asks this Court for the same relief that it currently seeks in the arbitration—to invalidate its Agreement with Katena (even though Katena is not a party here) and the $23 million it made as non-refundable partial down payment under the Agreement.

---

[3] DxCorr makes no assertion as to the validity of Coinmint's categorization of these individuals as employees or independent contractors.

-3-

1    Currently pending before this Court is a motion to stay the action pending arbitration filed
2 by Defendant Reddy on March 5, 2023. ECF No. 8. The hearing for this motion has been set for
3 April 20, 2023.

**III.     LEGAL STANDARD**

A pleading is deficient and may be dismissed under Rule 12(b)(6) if a plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* If a claim sets forth facts that are "merely consistent with" defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 663.

Rhetoric and legal argument do not satisfy *Twombly*; only facts do. *Eberhard v. Cal. Highway Patrol*, 73 F. Supp. 3d 1122, 1127 (N.D. Cal. 2014).

Allegations of fraud are subject to an even higher standard; they must be pleaded "with particularity." Fed. R. Civ. P. 9(b). "Averments of fraud must be accompanied by the who, what, when, where, and how of the misconduct charged." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) (internal quotation marks omitted); *see also Austin v. Zhang*, 2022 WL 298573, at *2 (N.D. Cal. Feb. 1, 2022) (dismissing fraud claim because plaintiff "does not specify any false representation, who from [defendant] made such a false representation, when such a statement occurred, how he changed position in reliance on the statement, or how reliance on the statement caused him damages"). "The pleading must be 'specific enough to give defendants notice of the particular misconduct ... so that they can defend against the charge and not just deny that they have done anything wrong.'" *Mangindin v. Wash. Mut. Bank*, 637 F. Supp. 2d 700, 706

(N.D. Cal. 2009) (quoting *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003)). Rule 9(b) serves to deter the filing of complaints "as a pretext for the discovery of unknown wrongs," to protect professionals from the harm that comes from being subject to fraud charges, and to prohibit plaintiffs from "unilaterally imposing upon the court, the parties and society enormous social and economic costs absent some factual basis." *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985).

Further, where there are multiple defendants, "Rule 9(b) does not allow a complaint to… lump multiple defendants together but require[s] plaintiffs to differentiate their allegations when suing more than one defendant." *Destfino v. Reiswig*, 630 F.3d 952, 958 (9th Cir. 2011) (affirming dismissal for failure to "set out which of the defendants made which of the fraudulent statements/conduct); *Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 541 (9th Cir. 1989) (allegations of fraud "must identify the time, place, and manner of each fraud plus the role of each defendant in each scheme.").

## IV.  ARGUMENT

### A.  Coinmint fails to allege a fraud claim against DxCorr.

Coinmint's fraud claims—and its other claims—fail to identify <u>any</u> acts or omissions by DxCorr specifically. Coinmint does not allege that DxCorr ever spoke to Coinmint; that DxCorr owed any duty of disclosure to Coinmint; that DxCorr entered into any agreement with Coinmint; or that DxCorr had any other connection to Coinmint.  Coinmint merely alleges that DxCorr was a contractor that "performed chip simulations for Katena," and that one of Katena's co-founders was also a part-owner of DxCorr.  FAC ¶ 18.  That is not enough to sustain a fraud claim against DxCorr.  Nor does Coinmint plead any basis for imputing the conduct of some other defendant to DxCorr.

#### 1.  Coinmint does not allege any actionable conduct by DxCorr.

Fraud in the inducement under California law requires that "(1) Defendant made false representations or omissions; (2) knowing they were false or with reckless disregarding for their truth or falsity; (3) with the intent to induce Plaintiff to act or refrain from acting; (4) justifiable reliance; and (5) resulting injury." *Wilhelm v. Pray, Price, Williams & Russell*, 186 Cal. App. 3d

-5-

DXCORR'S MOTION TO DISMISS

1324, 1331 (1986). Coinmint must plead each of these elements with specificity. *Worley v. Avanquest N. Am., Inc.*, 2013 WL 450388, at *2-*3 (N.D. Cal. Feb. 5, 2013).

The FAC contains no allegations that DxCorr made a single statement to Coinmint. Nor does Coinmint allege a fiduciary relationship or any other relationship between DxCorr and Coinmint that would give rise to a duty to disclose (and, therefore, a possible omission claim). The only allegations in the FAC of specific acts or omissions by DxCorr are <u>all</u> impermissible group pleading which does not comply with Rule 9(b). FAC ¶ 9 ("Katena and DX Corr," "Katena, DX Corr, and Reddy"); *id.* ¶ 42 ("Coinmint was fraudulently induced by Defendants"); 45 ("DxCorr and Reddy"); *id.* ¶¶ 61–64 ("DX Corr, Reddy, and Bleck"); *id.* ¶ 77 ("Defendants DX Corr, Reddy, Bleck, DeNaut, Kinney, and Maloney"); *id.* ¶¶ 84–88 ("DX Corr and Reddy"). Coinmint does not identify any false representation or omission <u>by DxCorr</u>, "who from [DxCorr] made such a false representation, when such statement occurred, how [Coinmint] changed position in reliance on the statement, or how reliance on the statement cause [Coinmint] damage." *Austin*, 2022 WL 298573, at *2. And even if Coinmint had pleaded a false statement by DxCorr, Coinmint also fails to plausibly plead facts showing that DxCorr knew that the statement was false at the time it was made. For example, Coinmint simply contends that "DxCorr and Reddy, through their manipulation of Bleck and his report, also conveyed [Katena's allegedly fraudulent] representations relating to Katena's ability to perform to Coinmint." FAC ¶ 45. Conveying the (allegedly) false statement of another without knowledge of its falsity is not actionable fraud.

### 2. None of the other Defendants' statements or actions can be imputed to DxCorr.

Nor does Coinmint provide any basis to impute the alleged false statements or omissions of some other Defendant to DxCorr. Coinmint transparently attempts to rope DxCorr into this litigation because Defendant Reddy—non-party Katena's CTO—is also a "principal" of DxCorr. FAC ¶ 18. It is California law that "[k]nowledge of an officer of a corporation *within the scope of his duties* is imputed to the corporation." *United California Bank v. Maltzman*, 44 Cal. App. 3d 41, 51–52 (1974). But Coinmint does not and cannot allege that Mr. Reddy was acting "within the scope of his duties" as a principal of DxCorr in connection with any of the conduct alleged in the Complaint.

Coinmint asserts that "Katena knowingly, intentionally, and willfully failed to inform Maloney and Coinmint that the independent chip expert was actually a paid shill of Reddy." FAC ¶ 21. While the allegation is false on many levels, taking it as true for purposes of this Motion only, Reddy would have been acting as an officer of and for the benefit of Katena if he made a purported omission regarding the independent technical due diligence expert recommended by Katena to Coinmint at Coinmint's request. Selling Katena mining rigs was certainly not within the scope of Mr. Reddy's duties as a principal of DxCorr, an unrelated company that provided design services to Katena on a contract basis. Any alleged omission by Reddy cannot be imputed to DxCorr. *See* FAC ¶¶ 23–25, 30, 35. And that is why Coinmint alleges in the FAC that it was non-party "Katena," and not DxCorr, that "failed to inform Maloney and Coinmint" about the independent chip expert.

### B. Coinmint fails to allege that DxCorr knowingly aided and abetted a breach of fiduciary duty.

To state a cause of action for aiding and abetting a breach of fiduciary duty, plaintiff must show "(1) a third party's breach of fiduciary duty owed to plaintiff; (2) defendant's actual knowledge of that breach of fiduciary duty; (3) substantial assistance or encouragement by defendant to the third party's breach; and (4) defendant's conduct was a substantial factor in causing harm to plaintiff." *George v. eBay, Inc.*, 71 Cal. App. 5th 620, 641 (2021). Courts focus "on whether a defendant knowingly gave 'substantial assistance' to someone who performed wrongful conduct. Aiding and abetting necessarily requires a defendant to reach a conscious decision to participate in tortious activity for the purpose of assisting another in performing a wrongful act." *Casey v. U.S. Bank Nat'l Ass'n.*, 127 Cal. App. 4th 1138, 1146 (2005).

Coinmint has failed to allege any facts that showing that DxCorr "knowingly gave substantial assistance" to any alleged wrongdoer. Coinmint's group pleading that Defendants including DxCorr "knew that Denaut, Kinney, and Maloney were officers of Coinmint and owed fiduciary duties to Coinmint" and that DxCorr knew that "Bleck was in a special relationship and owed a fiduciary duty to Coinmint" are entirely conclusory and need not be taken as true. FAC ¶ 61. Even if Coinmint could provide factual support for DxCorr's knowledge of DeNaut, Kinney

and Maloney's duties, "knowledge alone, even specific knowledge, is not enough to state a claim for aiding and abetting. California law 'necessarily' requires that for aiding and abetting liability to attach, a defendant have made a conscious decision to participate in tortious activity for the purpose of assisting another in performing a wrongful act." *George*, 71 Cal. App. 5th at 641. Again, Coinmint fails to allege a single act taken by DxCorr in connection with its allegations against the other Defendants and non-party Katena. *See Casey*, 127 Cal. App. 4th at 1154 (dismissing aiding and abetting claim where plaintiff alleged that defendant generally knew of "wrongful or illegal conduct" but did not plead knowledge of specific alleged fraud).

### C. Coinmint fails to allege that DxCorr participated in a conspiracy.

Coinmint also fails to state a viable claim for civil conspiracy against DxCorr. The elements of a civil conspiracy claim are "(1) the formation and operation of the conspiracy, (2) wrongful conduct in furtherance of the conspiracy, and (3) damages arising from the wrongful conduct." *Kidron v. Movie Acquisition Corp.*, 40 Cal. App. 4th 1571, 1581 (1995). "Under California law, there is no separate and distinct tort cause of action for civil conspiracy." *Entm't Research Group, Inc. v. Genesis Creative Group, Inc.*, 122 F.3d 1211, 1228 (9th Cir. 1997) (dismissing civil conspiracy claim). "Conspiracy is not a cause of action, but a legal doctrine that imposes liability on persons who, although not actually committing a tort themselves, share with the immediate tortfeasors a common plan or design in its perpetration." *Klistoff v. Superior Ct.*, 157 Cal. App. 4th 469, 479 (2007). A civil conspiracy claim must be pleaded as part of another substantive cause of action, and all elements of the underlying tort must be satisfied. *See Mintel Learning Tech., Inc. v. Beijing Kaidi Educ. & Tech. Dev. Co., Ltd.*, 2007 WL 2288329, at *4 (N.D. Cal. Aug. 9, 2007). Thus, the conspiracy claim must be dismissed because Coinmint fails to plead any other viable tort claim against DxCorr. *Id.* ("If the plaintiff fails to adequately plead the underlying claim, the corresponding conspiracy claim must also fail.").

Rule 9(b) requires that when "the object of the alleged conspiracy is fraudulent," a cause of action for conspiracy must be pleaded with particularity. *Wasco Prods., Inc. v. Southwall Techs., Inc.*, 435 F.3d 989, 990 (9th Cir. 2006). Even if Coinmint had plausibly pleaded an underlying tort claim against DxCorr—and it has not—the conspiracy claim fails because

Coinmint has not pleaded sufficient facts showing that DxCorr had "actual knowledge that a tort [was] planned and concur[ed] in the tortious scheme with knowledge of its unlawful purpose." *Kidron*, 40 Cal. App. 4th at 1582. Coinmint does not plead the existence of any communications between DxCorr and any of the other Defendants regarding Coinmint or the supposed fraudulent scheme. Nor does Coinmint plead any facts that support even an inference that DxCorr concurred with and intended for the supposed fraudulent scheme to be carried out—Coinmint does not and cannot allege that DxCorr, a mere Katena contractor, gained any financial benefit from Coinmint buying mining rigs from non-party Katena that Coinmint was not otherwise interested in buying.

Because Coinmint fails to sufficiently plead the elements of an underlying tort and fails to provide any more than the most conclusory allegation of the existence of a conspiracy between and among the Defendants in this case, the conspiracy claim must be dismissed.

**D. Coinmint fails to allege that DxCorr intentionally interfered with Coinmint's confidential and secret agreement with Bleck.**

In order to state a cause of action for intentional interference with contractual relations, Coinmint must plead facts showing: "(1) a valid contract between plaintiff and a third party; (2) defendant's knowledge of this contract; (3) defendant's intentional acts designed to induce a breach or disruption of the contractual relationship; (4) actual breach or disruption of the contractual relationship; and (5) resulting damage*." Pac. Gas & Electric Co. v. Bear Stearns & Co.*, 50 Cal. 3d 1118, 1126 (1990). With respect to the supposed Coinmint/Bleck Agreement, Coinmint entirely fails to meet its burden.

First, Coinmint fails to plausibly plead the existence of a contract between Coinmint and Bleck which would have required Bleck to "provide an independent evaluation and due diligence report of Katena's chip design and capabilities." FAC ¶ 83. Coinmint did not include the supposed contract between it and Bleck among the 14 exhibits to the Complaint and FAC. And, outside of the counts, Coinmint does not make even a conclusory allegation that it ever entered into a contract with Bleck, let alone specifically identify the terms of that contract that it alleges Bleck breached. For the same reason, Coinmint fails to plausibly allege breach—Coinmint does not plausibly show what Bleck's obligations were under the supposed contract, let alone plead

-9-

facts showing that he did not perform. *Mahmoud v. Select Portfolio, Inc.*, 2017 WL 3387470, at *5 (N.D. Cal. Aug. 7, 2017) ("Because Plaintiff does not carefully analyze the Settlement Agreement or sufficiently describe the contract terms, he does not meet the legal effects standard for stating a breach of contract claim.").

Second, even if Coinmint had pleaded the existence of a contract between it and Bleck and that the contract had been breached, Coinmint fails to plead any facts showing that DxCorr had knowledge of that contract, let alone identify any intentional acts taken by DxCorr to induce the contract's breach. To the contrary, Coinmint alleges that "Bleck … executed a non-disclosure agreement [with Coinmint] promising not to disclose any information related to his engagement with Coinmint." FAC ¶ 66. DxCorr had no way to know about a secret contract between Coinmint and Bleck that was executed under an NDA, and Coinmint has failed to plead any facts suggesting otherwise.

Coinmint therefore fails to plausibly plead an intentional interference with contract claim against DxCorr.

### E. Coinmint fails to allege that DxCorr violated section 17200 of the Business and Professions Code.

Conduct is considered to be fraudulent under section 17200 if it is likely to deceive the public. *Blakemore v. Superior Ct.*, 129 Cal. App. 4th 36, 49 (2005). Section 17200 thus does not apply to business-to-business negotiations. *IV Solutions, Inc. v. Conn. Gen. Life Ins. Co.*, 2015 WL 12843822, at *17 (C.D. Cal. Jan. 29, 2015) ("[T]he UCL 'was enacted to protect…consumers and competitors by promoting fair competition,' [therefore] the statute simply was never meant to reach non-competitor, business-to-business disputes flowing from negotiated agreements.") (quoting *Sacramento E.D.M., Inc. v. Hynes Aviation Indus., Inc.*, 965 F. Supp. 2d 1141, 1154 (E.D. Cal. 2013)). Further, "it [is] necessary under the 'fraudulent' prong to show deception to some members of the public, or harm to the public interest, and not merely to the direct competitor or other non-consumer party to a contract." *Watson Labs, Inc. v. Rhone-Poulenc Rorer, Inc.*, 178 F. Supp. 2d 1099, 1121 (C.D. Cal. 2001). Here, the alleged

misrepresentations were made solely in business-to-business negotiations, and Coinmint has not alleged that members of the general public were deceived or harmed.

Moreover, the heightened standard requirements of Rule 9 apply to a fraud-based claim under § 17200. *See Rabago v. Deutsche Bank Nat'l Tr.*, 2011 WL 2173811 (C.D. Cal. June 1, 2011) ("A claim under the fraud prong of § 17200 is still subject to the heightened pleading requirements of Rule 9[.] Accordingly, for the same reasons as previously discussed by the Court regrading Plaintiff's fraud claim, Plaintiff has failed to allege adequately a claim under § 17200's fraud prong.") Here, Coinmint generically lumps all of the Defendants together, alleges that the "acts and practices" of Defendants *collectively* violate Section 17200, and cites no misrepresentations made by or attributable to DxCorr itself. FAC ¶ 91. These allegations fall woefully short of the heightened pleading standard required for fraudulent practices under Section 17200—Coinmint lumps together all Defendants and fails to specify the facts of *DxCorr's* alleged involvement as it must for a claim under Section 17200.

Therefore, Coinmint's Section 17200 claim must also be dismissed.

## V. CONCLUSION

For the reasons stated above, the Court should dismiss each of the claims asserted against Defendant DxCorr.

DATED: April 6, 2023
**PERKINS COIE LLP**

By: */s/David P. Chiappetta*
David P. Chiappetta
John R. Hardin, *pro hac vice forthcoming*
Jacob J. Taber, *pro hac vice forthcoming*
Lauren A. Trambley

Attorneys for Defendant
DxCorr Design, Inc.