FLETCHER C. ALFORD  (SBN:  152314)
falford@grsm.com
KEVIN LIU  (SBN:  295287)
kliu@grsm.com
MYLES LANZONE (SBN: 257791)
mlanzone@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111
Telephone:  (415) 986-5900
Facsimile:  (415) 986-8054

ROBERT LEMUS (PRO HAC VICE FORTHCOMING)
rlemus@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
3D/International Tower
1900 West Loop South, Suite 1000
Houston, TX 77027
Telephone:  (713) 490-4876

Attorneys for Plaintiff
COINMINT, LLC

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CAILIFORNIA

| COINMINT, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>DX CORR DESIGN, INC., a California Corporation, SAGAR REDDY, an individual, ROBERT BLECK, an individual, JIM DENAUT, an individual, FRANK KINNEY, an individual, and DOES 1- 40, inclusive,<br><br>Defendants. | CASE NO. 5:23-cv-00599-RS<br><br>**COINMINT, LLC'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED PURSUANT TO CIVIL LOCAL RULE 79-5 IN SUPPORT OF OPPOSITION TO DXCORR DESIGN, INC.'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT** |
|---|---|

-1-
**COINMINT, LLC'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED PURSUANT TO CIVIL LOCAL RULE 79-5 RE: OPPOSITION TO DXCORR DESIGN, INC.'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**
Case No. 5:23-cv-00599-RS

Pursuant to Civil Local Rules 7-11 and 79-5(f), Plaintiff Coinmint, LLC ("Coinmint") hereby moves for administrative relief pertaining to Coinmint's Opposition to Defendant DxCorr Design Inc. ("DxCorr")'s Motion to Dismiss ("Opposition Brief").  Coinmint seeks to file these documents under seal because materials contained therein are derived from information and records designated "Confidential" by third party Katena Computing Technologies, Inc. ("Katena") pursuant to a stipulated protective order.[1]

This motion is accompanied by the Declaration of Kevin Liu in Support of Coinmint's Administrative Motion to Consider Whether Another Party's Material Should Be Sealed Pursuant to Civil Local Rule 79-5(f) Re: Opposition to DxCorr's Motion to Dismiss ("Sealing Declaration"). *See* Civ. L. R. 79-5(c)(2) (stating that an administrative motion to seal may be accompanied by a declaration to provide evidentiary support where necessary).

As set forth in the Sealing Declaration, Coinmint and Katena are parties to an arbitration proceeding that is currently pending before the American Arbitration Association, Case No. 01-22-0001-7627. Sealing Decl. ¶3.  In the arbitration proceeding, Coinmint and Katena entered into a Stipulated Protective Order so that the production of proprietary or trade secret information would be protected from public disclosure. *Id.* at ¶4.  On April 6, 2023, Defendant DxCorr filed a motion to dismiss the First Amended Complaint. *Id.* at ¶5. Coinmint's Opposition Brief to that motion contain information and records derived from materials designated by Katena as "Confidential" pursuant to the Stipulated Protective Order in the arbitration proceeding. *Id.* at ¶6.  Coinmint contends that these information and records do not contain any information that is even arguably confidential, proprietary or trade secret,

---

[1] Coinmint understands that Local Rule 79-5(e) strongly disfavors requests to seal entire pleadings or briefs.  However, given that Katena has taken the position that Coinmint's prosecution of this action against these defendants constitute an ongoing violation of the Stipulated Protective Order and that Katena has sought to seal even the generic descriptions of documents that Katena produced to Coinmint as well as basic information obtained during arbitration, Coinmint has no choice but to file the entirety of its opposition brief under seal.

-2-

**COINMINT, LLC'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED PURSUANT TO CIVIL LOCAL RULE 79-5 RE: OPPOSITION TO DXCORR DESIGN, INC.'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**
Case No. 5:23-cv-00599-RS

and do not otherwise qualify for protection from disclosure.[2] *Id.* at ¶7. Instead, this information reveals Katena's fraudulent conspiracy with its co-conspirators (the defendants in this action) and as such, there is no basis for keeping the evidence of their fraud concealed under the guise of confidentiality. *Id.* at ¶8. As such, due to the present dispute concerning the confidentiality of information and documents produced by Katena, pursuant to Local Rules 7-11 and 79-5, Coinmint hereby moves for administrative relief to file the following document under seal:

| Documents Proposed to be Sealed | Entity that Produced the Document | Entity that Seeks to Designate Document as Confidential |
|---|---|---|
| Coinmint's Opposition to DxCorr's Motion to Dismiss | | Katena (a third-party) |

Coinmint seeks to file the Opposition Brief under seal because Katena contends that the records and information contained therein are confidential, protected from disclosure, and cannot be used in this litigation. Coinmint disagrees and it is Katena's burden to show good cause for sealing any portion of the Opposition Brief by submitting a statement and/or declaration within seven days of this motion. See Civ. L. R. 79-5(f)(3).

Coinmint is filing the above materials under seal in a good faith effort to protect these materials from public disclosure until a determination is made regarding Katena's assertion of confidentiality over these materials. However, Coinmint believes that all of the designated material being submitted under seal does not satisfy the requirements for sealing. The Ninth Circuit has stated:

> Unless a particular court record is one traditionally kept secret, a strong presumption in favor of access is the starting point. A party seeking to seal a judicial record then bears

---

[2] As stated in Local Rule 79-5(c), the fact that documents were designated as confidential pursuant to a stipulation or protective order is not sufficient to establish that a document, or portions thereof, are sealable.

-3-

**COINMINT, LLC'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED PURSUANT TO CIVIL LOCAL RULE 79-5 RE: OPPOSITION TO DXCORR DESIGN, INC.'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**
Case No. 5:23-cv-00599-RS

the burden of overcoming this strong presumption by meeting the compelling reasons standard. That is, the party must articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process.

*Kamakana v. City of Honolulu,* 447 F.3d 1172, 1178 (9th Cir. 2006) (internal quotations omitted) (emphasis added).

Dated: April 20, 2023                    GORDON REES SCULLY MANSUKHANI, LLP

By: _____
Fletcher C. Alford
Kevin Liu
Robert Lemus
Myles Lanzone
Attorneys for Plaintiff
Coinmint, LLC

-4-

**COINMINT, LLC'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED PURSUANT TO CIVIL LOCAL RULE 79-5 RE: OPPOSITION TO DXCORR DESIGN, INC.'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**

Case No. 5:23-cv-00599-RS