**PERKINS COIE LLP**

David P. Chiappetta, Bar No. 172099
DChiappetta@perkinscoie.com
Lauren A. Trambley, Bar No. 340634
LTrambley@perkinscoie.com
505 Howard Street, Suite 1000
San Francisco, California 94105
Telephone: 415.344.7000
Facsimile: 415.344.7050

John R. Hardin, *pro hac vice*
JohnHardin@perkinscoie.com
500 N. Akard Street, Suite 3300
Dallas, Texas 75201
Telephone: 214.965.7700
Facsimile: 214.965.7799

Jacob J. Taber, *pro hac vice*
JTaber@perkinscoie.com
1155 Avenue of the Americas, 22nd Floor
New York, New York 10036-2711
Telephone: 212.262.6900
Facsimile: 212.977.1649

Attorneys for Nonparty Katena Computing Technologies, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COINMINT, LLC,<br><br>                    Plaintiff,<br><br>       vs.<br><br>DX CORR DESIGN, INC., a California Corporation, SAGAR REDDY, an individual, ROBERT BLECK, an individual, JIM DENAUT, an individual, FRANK KINNEY, an individual, and DOES 1-40, inclusive<br><br>                    Defendants. | Case No. 3:23-cv-00599-RS<br><br>**NONPARTY KATENA COMPUTING TECHNOLOGIES, INC.'S ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL** |

**INTRODUCTION**

Pursuant to Civil Local Rules 7-11 and 79-5(c) and this Court's April 24, 2023, Order (Dkt. 40), non-party Katena Computing Technologies, Inc. ("Katena") respectfully submits this administrative motion to seal certain discrete portions of Plaintiff Coinmint LLC's ("Coinmint") Complaint, First Amended Complaint ("FAC"), Coinmint's Brief in Opposition to Defendant Sagar Reddy's Motion to Stay the Action Pending Arbitration ("Stay Opposition"), and certain exhibits attached thereto.

Katena is not a party to this action. Coinmint and Katena agreed to resolve any disputes with one another in private and confidential arbitration, and are doing so now. The public has no legitimate interest in that ongoing private proceeding. In a misguided effort to obtain leverage over Katena, Coinmint filed this action for the improper purpose of publicly smearing Katena's reputation behind the shield of the litigation privilege. In doing so, Coinmint flagrantly and repeatedly breached a stipulated protective order that the arbitrators have found prohibited Coinmint's public disclosure of confidential discovery documents and deposition testimony. Under controlling precedent, this Court need not reward Coinmint's misconduct—for which the arbitrators have already determined that sanctions are warranted—by requiring the publishing of nonparty Katena's sensitive internal business discussions to the public docket.

Mindful of the Court's April 24 Order, Katena has proposed a narrower and more tailored set of redactions limited to the following three categories: (i) Katena's business dealings with customers and prospective customers, including the material terms of Katena's confidential contracts; (ii) Katena's financial information and communications with prospective investors; and (iii) internal Katena discussions concerning possible personnel changes. The public has no interest in a non-party's confidential proprietary business information, and compelling reasons exist to prevent the disclosure of this competitively sensitive information. The motion to seal should be granted.

**I.     LEGAL STANDARD**

Courts apply two different standards in determining whether sealing is warranted. The Complaint and exhibits thereto are analyzed under the heightened "compelling reasons" standard.

*Microsoft Corp. v. Hon Hai Precision Indus. Co.*, 2019 WL 11890609, at *2 (N.D. Cal. Aug. 15, 2019). In general, compelling reasons sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such court files might have become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). Compelling reason also exists to seal information that may harm a party's "competitive standing," or "divulges terms of confidential contracts, contract negotiations, or trade secrets." *FTC v. Qualcomm Inc.*, 2019 WL 95922, at *3 (N.D. Cal. Jan. 3, 2019).

Conversely, the exhibits attached to Coinmint's Stay Opposition are subject to the lower "good cause" standard because a motion to stay is nondispositive. *See, e.g.*, *Blacoh Fluid Controls, Inc. v. Syrinix*, 2018 WL 1000688, at *1 n.1 (N.D. Cal. Feb. 21, 2018); *OpenTV, Inc. v. Apple, Inc.*, 2015 WL 5714851, at *2 (N.D. Cal. Sept. 17, 2015). Records attached to nondispositive motions are not subject to the strong presumption of access. *Kamakana*, 447 F.3d at 1179. Good cause exists where disclosure would cause "specific prejudice or harm." *Phillips ex rel. Estate of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002).

## II. THERE ARE COMPELLING REASONS TO REDACT THE COMPLAINT, FAC, AND LIMITED PORTIONS OF SPECIFIED EXHIBITS THERETO

Katena seeks to apply only very limited redactions to the Complaint, FAC, and certain of the exhibits thereto. The attached declaration of David D. Eaton, Katena's General Counsel, establishes that each of the proposed redactions falls in one or more of the following categories.

### A. Katena's Commercially Sensitive Information Should Be Sealed.

#### 1. Katena's business dealings, contract negotiations, and terms.

Katena, a nonparty, requests sealing of its contract negotiations and the material terms—including price and quantity—of its contracts with third parties. Courts have found compelling reasons to seal such contracts. *Am. Automobile Assoc. of N. Cal., Nev. & Utah v. Gen. Motors LLC*, 2019 WL 1206748, at *2 (N.D. Cal. Mar. 14, 2019) (sealing documents that reveal "contracts between either [defendant or plaintiff] and third parties"); *see also Vasquez v. O'Reilly Auto Enters., LLC*, 2022 WL 1645145, at *3 (noting that "pricing [and] profit … information kept

confidential by a company that could be used to the company's competitive disadvantage" warrants sealing); *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (holding the price terms of a contract are "trade secret"). This information is not otherwise public, and the contracts were entered into under NDAs and contain a confidentiality clause. (Eaton Decl. ¶¶ 5–6.)

Katena also requests the sealing of its confidential business plans and strategies. Instead of selecting relevant excerpts, Coinmint attached long text-message threads between Katena's senior executives in their entirety. These text messages contain numerous sensitive internal business communications between and among Katena's then-CEO and Chief Strategy Officer regarding, among other topics, ongoing negotiations with prospective customers, strategies for closing those deals, and Katena's long-term and short-term business plans. (*Id.* ¶ 7.) These conversations have nothing to do with Coinmint or the claims in this case.

There is also compelling reason to seal "information that, if published, may harm … third parties' competitive standing and divulges terms of confidential contracts [or] contract negotiations." *FTC*, 2019 WL 95922, at *3 (emphasis added); *see also Philips v. Ford Motor Co.*, 2016 WL 7374214, at *4 (N.D. Cal. Dec. 20, 2016) ("[T]he need to avoid competitive disadvantage in contract negotiations and undercutting by competitors is a compelling reason that justifies sealing specific pricing and cost information."). Katena is an early-stage startup in a competitive industry, and its customer pricing is highly commercially sensitive. A more-established competitor who knew what prices Katena was offering to customers and on what terms could undercut Katena on price to deny Katena market share. (Eaton Decl. ¶ 11.)

**2.    Katena's financial information and investor communications.**

Certain of the exhibits to the Complaint and FAC disclose Katena's confidential and internal financial metrics, including projected revenue and gross and net profit margin. (*Id.* ¶ 8.) The exhibits also contain internal communications regarding prospective investors and the terms of those fundraising efforts. (*Id.* ¶ 7.) Compelling reasons exist to seal confidential financial information of a nonparty. *Am. Automobile Assoc.*, 2019 WL 1206748, at *2 ("financial information or information regarding the projected profitability of the parties' businesses"); *Krieger v. Atheros Commc'ns, Inc.*, 2011 WL 2550831, at *1 (N.D. Cal. Jun. 25, 2011).

### 3.     Katena's confidential personnel decisions.

The long text-message threads also contain sensitive internal discussions between the principals of nonparty Katena regarding possible employment. (Eaton Decl. ¶ 13.) There is a compelling reason to seal information about a nonparty's "non-public recruitment efforts," which could be used by competitors to poach Katena's current or prospective employees. *Koninklijke Philips N.V. v. Elec-Tech Int'l Co.*, 2015 WL 581574, at *2 (N.D. Cal. Feb. 10, 2015); *see also Santiago Rosario v. Starbucks Corp.*, 2018 WL 9669822, at *1 (W.D. Wash. Jan. 19, 2018) (compelling reason to seal "information related to Defendant's hiring practices and standards").

### B.     Coinmint Attached these Documents for an Improper Purpose.

Coinmint filed non-party Katena's nonpublic documents for the improper purpose of smearing Katena in a public forum, and attempting to obtain leverage over Katena in the separate arbitration.  The risk of information being used for improper purposes provides a compelling reason, outweighing the public's interest in learning the information. *Kamakana*, 447 F.3d at 1179.  If disclosed, these documents would harm non-party Katena's reputation, as well as the reputations of the non-party employees referenced in the documents.  (Eaton Decl. ¶¶ 15–17.)

## III.    THERE IS GOOD CAUSE TO SEAL FOUR EXHIBITS TO THE STAY OPPOSITION AND TO REDACT LIMITED PORTIONS OF OTHER EXHIBITS

Katena seeks to redact limited portions of certain exhibits to the Stay Opposition that fall into the four categories described above. Seven of the exhibits to the Stay Opposition (8, 13, 19, 20, 22, 23, 27) are identical to exhibits to the Complaint and FAC referenced above. Since those documents meet the compelling reason standard as discussed above, they certainly meet the more liberal good cause standard and should be redacted for the same reasons.

Katena also respectfully requests that four of the exhibits to Coinmint's opposition brief to the non-dispositive motion to stay be sealed in their entirety under the lower "good cause" standard. Three of the exhibits are confidential testimony from the arbitration which are prohibited to be disclosed or used outside of the arbitration. Exhibits 2 and 11 to the Stay Opposition are excerpts of confidential deposition testimony of, respectively, Michael Gao and Henry Monzon, neither of whom is a party here. The deposition testimony is confidential and

prohibited from public disclosure under the stipulated protective order in that arbitration (Eaton Decl. ¶¶ 18–19) and may be sealed for that reason. *Skokomish Indian Tribe v. Goldmark*, 2013 WL 6086075, at *2 (W.D. Wash. Nov. 19, 2013) (citing "numerous cases in which courts of the Ninth Circuit have accepted private confidentiality agreements as 'good cause' justifying a motion to seal non-dispositive motions and associated documents").[1] The excerpts also contain discussions of Katena's sensitive and undisclosed research and development work and of contract negotiations. Exhibit 4 is a sworn declaration by Michael Gao filed in the arbitration. It contains non-public and information regarding Katena's "competitive strategy, and its research and development activities" and may harm Katena's competitive standing. *FTC*, 2019 WL 95922, at *3. Finally, Exhibit 28 is the Sales and Purchase Agreement between Coinmint and Katena, which contains a confidentiality clause at Paragraph 11. The terms of the contract are commercially sensitive to Katena, a nonparty, and would cause competitive harm to Katena if disclosed to its prospective customers and competitors. Sealing is therefore warranted. *Am. Automobile Assoc.*, 2019 WL 1206748, at *2; *see also Skokomish*, 2013 WL 6086075, at *2.

## CONCLUSION

Katena's request is narrowly tailored to seal only sensitive, confidential information. For the foregoing reasons, Katena respectfully requests that the Court grant this motion to seal.

DATED:  May 15, 2023

s/ *David P. Chiappetta*
**PERKINS COIE LLP**
David P. Chiappetta, Bar No. 172099
DChiappetta@perkinscoie.com
505 Howard Street, Suite 1000
San Francisco, California 94105
Telephone:  415.344.7000
**Attorneys for Nonparty**
**Katena Computing Technologies, Inc.**

---

[1] The *Global Industrial Investment* case cited by the Court is not to the contrary. There, the district court applied the "compelling reasons" standard to confirm an arbitration award, and did not have cause to consider whether a stipulated protective order in arbitration would support sealing of non-dispositive motion documents under the lower "good cause" standard. *Global Indus. Inv. Ltd. v. 1955 Capital Fund I GP LLC*, 2022 WL 6282723, at *1 (N.D. Cal. Sept. 23, 2022). Nor did *Global Industrial Investment* concern documents produced subject to a protective order by a <u>nonparty</u> to the litigation, like Katena.