FLETCHER C. ALFORD  (SBN:  152314)
falford@grsm.com
KEVIN LIU  (SBN:  295287)
kliu@grsm.com
MYLES LANZONE (SBN: 257791)
mlanzone@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111
Telephone:  (415) 986-5900
Facsimile:  (415) 986-8054

ROBERT LEMUS (PRO HAC VICE FORTHCOMING)
rlemus@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
3D/International Tower
1900 West Loop South, Suite 1000
Houston, TX 77027
Telephone:  (713) 490-4876

Attorneys for Plaintiff
COINMINT, LLC

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COINMINT, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>DX CORR DESIGN, INC., a California Corporation, SAGAR REDDY, an individual, ROBERT BLECK, an individual, JIM DENAUT, an individual, FRANK KINNEY, an individual, and DOES 1- 40, inclusive,<br><br>Defendants. | CASE NO. 3:23-cv-00599-RS<br><br>**COINMINT, LLC'S RESPONSE TO DESIGNATING PARTY KATENA COMPUTING TECHNOLOGIES, INC.'S ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL** |

Plaintiff Coinmint, LLC ("Coinmint") hereby submits its response to Designating Party Katena Computing Technologies, Inc. ("Katena")'s administrative motion to seal portions of Coinmint's Complaint, First Amended Complaint ("FAC"), Coinmint's Opposition to Defendant Sagar Reddy's Motion to Stay the Action Pending Arbitration ("Opposition to the Stay Motion"), and exhibits attached thereto.

Katena previously attempted to seal these same pleadings and exhibits which the Court denied. In its Order denying Katena's previous attempt to seal, the Court expressly stated that:

> "**the vast majority of that sought to be sealed will not qualify for sealing, and it is an open question if any of the identified material qualifies as sealable**."

Dkt. 40 at 9:12-13 (emphasis added.) The Court also rejected Katena's claim that Coinmint included information for an improper purpose, stating that "many of the communications included in the exhibits were used to further [Coinmint]'s argument that the contract with Katena was fraudulently induced." Dkt. 40 at 9:26-27. Even if this argument is "ultimately not meritorious does not mean, however, that it was purely made out of spite or otherwise improper." Dkt. 40 at 10:1-3. Therefore, the Court denied Katena's requests to seal and allowed Katena to bring a "narrower proposal for sealing", but only to the "extent there are true business exigencies or privacy interests that compel sealing, such as the privacy interests of non-party employees who are not directly implicated by the allegations in this case." Dkt. 40 at 10:17-20.

Despite the Court's prior ruling that the vast majority of information that Katena sought to be sealed will not qualify for sealing, Katena brings the instant motion seeking to seal 10 of the 14 exhibits attached to the Complaint and FAC, and 20 of the 28 exhibits attached to the Opposition to Stay Motion. Notably, Katena has not identified any portion of the Complaint, FAC, or the Opposition to the Stay Motion that it wishes to seal, nor has it proposed any redactions to these documents. Accordingly, the Complaint, FAC, and the Opposition to the Stay Motion should become public in their entirety without any redactions. With respect to

-1-
**COINMINT, LLC'S RESPONSE TO DESIGNATING PARTY KATENA COMPUTING TECHNOLOGIES, INC.'S ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL**
Case No. 3:23-cv-00599-RS

Katena's proposed redactions to the exhibits, Katena has again failed to demonstrate any compelling reasons sufficient to overcome the strong presumption in favor of public access. Despite the Court's clear directive to limit any sealing requests to true business exigencies or privacy interests, Katena does not even attempt to show any sort of true business exigencies or privacy interests to justify sealing as required by the Court's Order. The reason is because there is none. The only type of "exigency" experienced by Katena is having its wrongdoing exposed to the public. Accordingly, Katena's motion to seal must be denied with prejudice.

**1. The Information Katena Seeks to Seal do not Qualify for Sealing**

Katena claims that the instant motion to seal is much narrower than before because it is limited to three categories of information: (1) Katena's business dealings with customers and prospective customers; (2) Katena's financial information and communications with prospective investors; and (3) internal discussions concerning possible personnel changes. However, Katena's self-serving statement that the information it seeks to seal falls within these three categories is insufficient to rise to the level of "compelling reasons" necessary to justify sealing. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1182 (9th Cir. 2006) (upholding order denying motion to seal because the supporting declarations consisted of "conclusory statements about the content of the documents—that they are confidential and that, in general, their production would, amongst other things, hinder CIU's future operations with other agencies, endanger informants' lives, and cast HPD officers in a false light.") Furthermore, documents that have been designated "confidential" pursuant to a protective order do not justify sealing. L.R. 79-5(c); see also *Kamakana*, 447 F.3d at 1183 ("a non-party's reliance on a blanket protective order is unreasonable and is not a "compelling reason" that rebuts the presumption of access.")

Here, just because Katena asserts that the information it seeks to seal fall within one of the three categories above does not make it true. Katena should not be allowed to hide evidence of its fraudulent scheme with the co-defendants by characterizing such evidence as "business strategy" or "possible personnel changes." For example, Katena seeks to seal many

-2-

of the most pertinent and incriminating text messages documenting the wrongful scheme contemplated by Katena's executives and defendant Maloney.  Yet, Katena seeks to seal all of these communications on the basis that these text messages concern Katena's "recruitment efforts and personnel decisions."  ECF 41-1 at 6:26-2, 11:8-11.  This is absurd.  As the Court previously noted, the "vast majority sought to be sealed will not qualify for sealing" and Katena's assertion to the contrary is contradicted by the documents themselves.  Although Katena repeatedly claims that most of the text messages contain information that reveals its "business strategy" and "negotiations", the only strategy that is revealed is Katena's fraudulent scheme to conspire with the defendants in this action to defraud Coinmint, and possibly others.  Accordingly, Katena's conclusory and self-serving assertions are insufficient to overcome the presumption of public access.  The right of public access is particularly important here because there is a high level of public interest concerning fraud in the cryptocurrency industry given the prevalence of fraudulent schemes that have been recently uncovered, including the fraud perpetrated by Sam Bankman-Fried, the former CEO of FTX.

2. **Katena's Generalized Statements of Harm is Insufficient to Satisfy the Compelling Reasons Standard Nor do They Demonstrate any True Business Exigencies or Privacy Interests**

Katena has not met its burden in demonstrating true business exigencies or harm sufficient to justify sealing.  Instead, Katena continues to rely on generic references of harm and speculating that competitors could undercut its price and deny market share. The law is clear that "[b]road allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.,* 966 F.2d 470, 476 (9th Cir. 1992) (quotation omitted).  This Court has also repeatedly held that unsupported assertions of unfair advantage to competitors without explaining how the competitor would use the information to obtain an unfair advantage is insufficient to justify sealing. *In re Pac. Fertility Ctr. Litig.*, No. 18-CV-01586, 2021 WL 1081129, at *2 (N.D. Cal. Feb. 18, 2021) (holding that "generalized statement that exposure of 'commercially sensitive business information would allow potential competitors to gain insight into ... operations

-3-
COINMINT, LLC'S RESPONSE TO DESIGNATING PARTY KATENA COMPUTING
TECHNOLOGIES, INC.'S ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL
Case No. 3:23-cv-00599-RS

and business relationships such that its business could be significantly and irreparable harmed' fails to satisfy the compelling reasons standard."); *In re Twitter Inc. Securities Litigation*, No. 15-CV-05314, 2020 WL 2519888, at *2 (N.D. Cal. May 18, 2020) (denying motion to seal because "accompanying declaration consist merely of generic assertions that the Court's Order contains "highly sensitive, confidential, and proprietary information, including non-public information about Twitter's operating metrics, the public disclosure of which would place Twitter at a competitive disadvantage."); *Ochoa v. McDonald's Corp.*, No. 14-CV-02098, 2015 WL 3545921, at *1 (N.D. Cal. June 5, 2015) (declining to seal "franchise agreements" because supporting declaration "simply sa[id] that the documents 'contain confidential and proprietary business information, including financial terms' that if disclosed 'may be exploited by competitors."); *Apple Inc. v. Samsung Elecs. Co.*, No. 11-CV01846, 2013 WL 412864, at *2 (N.D. Cal. Feb. 1, 2013) ("Although Samsung recites boilerplate terms that this information is proprietary and confidential, it does not provide a particularized showing of how this information would be detrimental if disclosed.").

Here, the only "evidence" Katena has submitted in support of its request to seal is the declaration of its general counsel, David Eaton. Despite the Court's requirement to provide an explanation of "the injury that will result if sealing is denied," Mr. Eaton's declaration consists merely of speculative and generalized statements of harm without any particularized showing of injury. Civil L.R. 79-5(c)(1)(ii). For example, Mr. Eaton claims that Katena operates in a very competitive and "fast-growing" market but fails to explain how Katena's purported customer pricing information and recruitment efforts from two years ago would be in any way relevant to competitors in 2023, especially in a fast-growing, changing, and volatile market such as cryptocurrency and bitcoin mining. The reality is that it is extremely unlikely that any competitor of Katena could use such limited and outdated data to compete with Katena in 2023 or beyond. Consequently, Mr. Eaton's declaration is exactly the type of declaration consisting of generalized statements of harm that this Court has held is insufficient to meet the compelling reasons standard for sealing motions. *See e.g.*, *Bronson v. Samsung Electronics*

-4-

**COINMINT, LLC'S RESPONSE TO DESIGNATING PARTY KATENA COMPUTING TECHNOLOGIES, INC.'S ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL**

Case No. 3:23-cv-00599-RS

*America, Inc.*, No. C 18-02300, 2019 WL 7810811, at *1 (N.D. Cal. May 28, 2019) (denying motion to seal and stating that "[s]upporting declarations may not rely on vague boilerplate language or nebulous assertions of potential harm but must explain with particularity why any document or portion thereof remains sealable under the applicable legal standard.")

### 3. Katena Fails to Explain Why a Less Restrictive Alternative to Sealing is Not Sufficient

In its Order denying Katena's previous attempt to seal, the Court expressly stated that any subsequent motion to seal must explain "why any less restrictive alternative [than sealing] is insufficient. Dkt. 40 at 10:20-22; Civil L.R. 79-5(c)(1)(iii) (requiring motions to seal to be narrowly tailored along with an explanation of "why a less alternative to sealing is not sufficient").

Despite the Court's requirements, Katena fails to explain why alternatives to sealing is insufficient or why the entirety of 4 exhibits must be sealed instead of limiting the sealing to only portions that contain truly confidential or sensitive information. For instance, Katena claims that excerpts of the deposition testimony of Michael Gao and Henry Monzon from the arbitration, along with the declaration by Michael Gao submitted in the arbitration should be sealed in their entirety pursuant to a stipulated protective order in that same arbitration. Dkt. 41: 4-25-5:9. However, as the Court previously stated, "[r]eference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable." Dkt. 40 at 10:8:13. Indeed, Katena makes no attempt to demonstrate why it could not seal only limited portions of the deposition testimony and declaration that contain truly sensitive business information rather than sealing the documents in their entirety.

### 4. Conclusion

For each of the reasons set forth above, Coinmint respectfully requests that Katena's motion to seal be denied in its entirety.

Dated: May 19, 2023                    GORDON REES SCULLY MANSUKHANI, LLP

By:  */s/ Kevin Liu*
     Fletcher C. Alford
     Kevin Liu
     Robert Lemus
     Myles Lanzone
     Attorneys for Plaintiff
     Coinmint, LLC