UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COINMINT, LLC,<br><br>  Plaintiff,<br><br>  v.<br><br>DX CORR DESIGN, INC., et al.,<br><br>  Defendants. | Case No. 23-cv-00599-RS<br><br>**ORDER DIRECTING RESUBMISSION OF ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE SEALED** |

Following the Court's order directing non-party Katena Computing Technologies, Inc. ("Katena") to file a revised submission in support of the administrative motions to file under seal, Katena indicated a more limited set of materials should be sealed, as compared to materials the parties had filed under seal. Helpfully, Katena's new submission did not seek wholesale sealing of entire exhibits. Nonetheless, the designated material, particularly among the text messages, remains overbroad.

In the first instance, Plaintiff Coinmint should not have included entire text conversations indiscriminately containing messages unrelated to the allegations in the case, and is directed to pare down its exhibits to include germane material. Given Plaintiff's inclusion of conversations regarding Katena's deals with other third parties, Plaintiff's suggestion that "the Complaint, FAC, and the Opposition to the Stay Motion should become public in their entirety without any redactions," Dkt. 42 at 1, has no merit.

On the other hand, Katena also has not proposed the minimum redactions necessary to ensure the confidentiality of its trade secrets, strategies or communications relating to ongoing negotiations,

internal financials, non-public hiring practices and standards, or material terms of Katena's contracts with third parties (price and quantity). By way of example, Katena redacts entire messages, even where redacting specific figures or names would be sufficient, *see* Dkt. 41-4 at 4, Dkt. 41-8 at 11; or where the message is innocuous, *see* Dkt. 41-4 at 4 (text message consisting only of "yeah"). Katena sometimes seeks to redact statements that might be embarrassing but are otherwise not confidential. *See, e.g.*, Dkt. 41-4 at 35, Dkt. 41-14 at 14. Notably, some proposed redactions include messages referring to Mr. Maloney's interest in a job with Katena, and Katena employees' desire to leverage that interest, but these are germane to the allegations in the case and not related to internal hiring practices or standards that should be confidential. *See* Dkt. 41-4 at 10-13; Dkt. 41-5 at 3.

It is regrettable that this matter requires continued attention in light of the stay, and the Court expects any further submission to conform with the guidance given in this order. Accordingly, the Parties are ordered to meet and confer on a revised submission that is significantly pared down, and to file the jointly revised submission by July 28, 2023.

**IT IS SO ORDERED**.

Dated: June 30, 2023

_____
RICHARD SEEBORG
Chief United States District Judge