**KOBRE & KIM LLP**
Daniel Zaheer (State Bar No. 237118)
150 California Street, 19th Floor
San Francisco, California 94111
Tel.:   +1 415 582 4800
Fax.:   +1 415 582 4811
Email: daniel.zaheer@kobrekim.com

Steven G. Kobre (*pro hac vice* forthcoming*)*
Benjamin Sirota (*pro hac vice* forthcoming*)*
Caroline Rivera (*pro hac vice* forthcoming*)*
800 Third Avenue
New York, New York 10022
Tel.:   +1 212 488 1200
Fax.:   +1 212 488 1220
Email: steven.kobre@kobrekim.com
       benjamin.sirota@kobrekim.com
       caroline.rivera@kobrekim.com

*Attorneys for Defendant Jim DeNaut*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| COINMINT, LLC,<br><br>Plaintiff,<br><br>v.<br><br>DX CORR DESIGN, INC., a California Corporation, SAGAR REDDY, an individual, ROBERT BLECK, an individual, JIM DENAUT, an individual, FRANK KINNEY, an individual, and DOES 1-40, inclusive,<br><br>Defendants. | Case No. 23-cv-00599-RS<br><br>**DEFENDANT JIM DENAUT'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED PURSUANT TO CIVIL LOCAL RULE 3-12** |

Jim DeNaut files this Administrative Motion respectfully requesting an order finding that the damages action he filed on January 8, 2024 (*DeNaut v. Alford, Lemus, Coinmint, LLC, and Foret*, No. 24-cv-145 (N.D. Cal.)) is related to the above-captioned action *Coinmint, LLC v. DX Corr Design, Inc., Reddy, Bleck, DeNaut, Kinney, and Does 1-40, inclusive*, No. 23-cv-599-RS (N.D. Cal.) (under stay pending arbitration).  As explained in more detail below, the two actions have parties in common, overlap in several factual areas, and relate to the same underlying business dispute.  In addition to these two actions, a third action relating to the same underlying business dispute is before this Court and has been marked as related.  *Coinmint, LLC v. Katena Computing Techs., Inc.*, No. 23-cv-4683-RS, Dkt. No. 19 (N.D. Cal. Oct. 13, 2023).  Adjudicating Mr. DeNaut's action in this Court, alongside the other two, will promote efficiency and minimize the risk of conflicting results, making a determination of relatedness appropriate.  Civil. L. R. 3-12.

Mr. DeNaut—Plaintiff in 24-cv-145 and a defendant in the above-captioned case—is a professional investor.  *See* Complaint, *DeNaut v. Alford*, *et al.*, No. 24-cv-145 (N.D. Cal.) ¶ 2 (attached hereto as Exhibit A).  Over the course of several months in 2021, Mr. DeNaut was affiliated with Coinmint, a cryptocurrency mining operation; he departed Coinmint in November 2021, without having served in any formal role.  *Id*. ¶¶ 19, 21.  Months later, in April 2022, Coinmint commenced an arbitration against a cryptocurrency machine manufacturer, Katena Computing Technologies, Inc. ("Katena"), alleging breach of contract (the "Arbitration," AAA Case No. 01-22-0001-7627).  *Id*. ¶¶ 2, 22.  The Arbitration is anticipated to conclude in March 2024.  *Coinmint, LLC v. DX Corr Design*, *et al.*, No. 23-cv-599-RS, Dkt. No. 55 (N.D. Cal. Jan. 17, 2024).

Mr. DeNaut was not involved in Coinmint's decision to buy machines from Katena nor the contract the parties negotiated.  Exhibit A ¶ 20.  Nevertheless, Coinmint believed that Mr. DeNaut could be a helpful witness to it in the Arbitration.  To that end, Coinmint's General Counsel, Randall Foret, arranged for a phone call between Mr. DeNaut and Coinmint's outside counsel in the Arbitration from Gordon Rees Scully Mansukhani, LLP ("Gordon Rees"), to take place on January 6, 2023.  *Id*. ¶ 24.  During the January 6 call, Fletcher Alford—a San

Francisco-based, California-barred partner from Gordon Rees—offered to represent Mr. DeNaut as a testifying witness in the Arbitration, and Mr. DeNaut accepted. *Id.* ¶¶ 25-28. At that point an attorney-client relationship was formed, requiring Mr. Alford and Robert Lemus (another Gordon Rees partner, based out of Texas, who was on the January 6 call) to honor their attorney-client obligations to Mr. DeNaut. *Id.* ¶ 3.

Instead, weeks later, Mr. Alford and Mr. Lemus violated their most fundamental duties to Mr. DeNaut by turning adverse to him—first, by serving Mr. DeNaut with a summons to examine him in the Arbitration, and then, by filing the above-captioned lawsuit against Mr. DeNaut, accusing him (baselessly) of engaging in fraud against Coinmint, along with individuals associated with Katena. Exhibit A ¶ 30.[1] Mr. Alford and Mr. Lemus carried out these improper actions under the direction of their client Coinmint and Coinmint's General Counsel, Randall Foret. *Id.* ¶¶ 68, 90.

With Mr. Alford and Mr. Lemus steadfastly insisting on their ability to be adverse to Mr. DeNaut despite the prior agreement to represent him, Kobre & Kim LLP, on behalf of Mr. DeNaut, was forced to pursue a court order preventing Mr. Alford and Mr. Lemus from questioning Mr. DeNaut in the Arbitration. Several months of litigation culminated in a two-day evidentiary hearing before Judge S. Dave Vatti of the United States District Court for the District of Connecticut, in which both Mr. Alford and Mr. Foret testified. Exhibit A ¶ 47. In his October 4, 2023 Order, Judge Vatti found that Mr. Alford had agreed to represent Mr. DeNaut (thus forming an attorney-client relationship) before turning adverse to him, and consequently disqualified Gordon Rees from questioning Mr. DeNaut in the Arbitration. Order, *Katena Computing Techs., Inc. v. DeNaut*, No. 23-mc-48, Dkt. No. 103 (D. Conn. Oct. 4, 2023) at 16-

---

[1] Mr. Alford and Mr. Lemus, on behalf of Coinmint, initially sued Mr. DeNaut in California Superior Court. *See* Complaint, *Coinmint, LLC v. DX Corr Design, Inc. et al.,* No. 23-cv-410979 (Cal. Super. Ct. Jan. 26, 2023) (attached hereto as Exhibit C). The case was removed by defendant Sagar Reddy to this Court on February 9, 2023. Notice of Removal, *Coinmint, LLC v. DX Corr Design, Inc. et al.*, No. 23-cv-599-RS, Dkt. No. 1 (N.D. Cal. Feb 9, 2023). To date, Coinmint has not served Mr. DeNaut with a summons and a complaint in this (federal court) matter. Mr. DeNaut reserves the right to argue that service was not effectuated, and personal jurisdiction is lacking, in this matter.

19, 32 (attached hereto as Exhibit B).  Judge Vatti's Order rejected as not credible the sworn testimony of Mr. Alford and Mr. Foret, while crediting Mr. DeNaut's testimony in its entirety. *Id.* at 16-19.  The Order, moreover, rejected Coinmint's false narrative of Mr. DeNaut's "adversity" to Coinmint, which is likewise central to Coinmint's allegations against Mr. DeNaut in the above-captioned case. *Id.* at 23-25.

To achieve this result—necessitated by his former lawyers' unwillingness to heed their most basic attorney-client duties, under Coinmint's and Mr. Foret's direction—Mr. DeNaut was compelled to incur substantial legal fees.  Exhibit A ¶¶ 46-48.  Accordingly, on January 8, 2024, Mr. DeNaut filed an action seeking damages based on the breaches of fiduciary duties and malpractice committed by Mr. Alford and Mr. Lemus, aided and abetted by Coinmint and Mr. Foret.  Exhibit A.

As the above indicates, Mr. DeNaut's case against his former lawyers, Coinmint, and Coinmint's General Counsel overlaps extensively with the above-captioned action, including with respect to:

<u>The Parties and Their Counsel</u>.  In the above-captioned case, Coinmint is Plaintiff and Mr. DeNaut is one of the defendants; in Mr. DeNaut's action (No. 24-cv-145), Mr. DeNaut is Plaintiff and Coinmint is one of the defendants.  Moreover, Coinmint's outside counsel in the above-captioned case, Mr. Alford and Mr. Lemus, are defendants in Mr. DeNaut's action (No. 24-cv-145); and Coinmint's General Counsel overseeing the above-captioned case, Mr. Foret, is another defendant in Mr. DeNaut's action (No. 24-cv-145).

<u>The Underlying Dispute</u>.  The contractual dispute between Coinmint and Katena is being litigated in a confidential arbitration.  *Coinmint, LLC v. Katena Computing Techs., Inc.*, AAA Case No. 01-22-0001-7627.  Based on what has been filed publicly about the Arbitration, Coinmint's allegations in the above-captioned case are similar to those raised in the Arbitration, with the claims being brought against individuals/entities who are not parties to the Arbitration. Similarly, *Coinmint, LLC v. Katena Computing Techs., Inc.*, No. 23-cv-4683-RS (N.D. Cal.) is an attempt by Coinmint to attach Katena property based on similar claims.  Mr. DeNaut's action (No. 24-cv-145) is based on Mr. Alford having agreed to represent Mr. DeNaut in the same

contractual dispute between Coinmint and Katena—and then turning adverse to him in that same contractual dispute.  The filing of the above-captioned case by Mr. Alford and Mr. Lemus, under the direction of Coinmint and Mr. Foret, is one of the key bases for the breach of fiduciary duty and malpractice claims in Mr. DeNaut's action.  Exhibit A ¶¶ 5, 30, 51.

*Factual Allegations*.  The above-captioned case falsely alleges that Mr. DeNaut sought to harm Coinmint because he had an allegiance to Katena.  Exhibit C ¶ 34.  In contrast, Mr. DeNaut's action asserts—as supported by Judge Vatti's rulings after an evidentiary hearing—that he was not adverse to Coinmint, and in fact affirmatively sought to help it in various ways.  *See* Exhibit A ¶ 29; Exhibit B at 16-17, 23-25.  Beyond the question of "adversity" to Coinmint, the complaints make contrasting allegations regarding Mr. DeNaut's level of involvement in the relationship between Coinmint and Katena.  *Compare*, *e.g.*, Exhibit C ¶ 34 *with* Exhibit A ¶ 22.  Further, Coinmint's complaint against Mr. DeNaut makes claims about Coinmint's decision to act adversely to Mr. DeNaut that may well be at issue in Mr. DeNaut's action against Coinmint and its attorneys.  *Compare* Exhibit C ¶ 37 ("Believing that DeNaut would honor his fiduciary obligations to Coinmint, Coinmint delayed filing an action against Katena or against Denaut and Kinney.") *with* Exhibit A ¶ 36 (explaining that Coinmint turned adverse to Mr. DeNaut based on a misreading of an email obtained in the Arbitration in January 2023).  Any determinations made regarding these facts (including that the allegations are insufficiently pled) should be made by the same judge, to ensure efficiency and to prevent inconsistent findings.  Civil L.R. 3-12(a)(2).

*Applicability of Other Rulings*.  Judge Vatti's Order made factual findings on issues relevant to both the above-captioned matter and to Mr. DeNaut's damages action, such as Mr. DeNaut's lack of adversity to Coinmint.  These findings were made on an evidentiary record, with Coinmint's counsel in the above-captioned action, Mr. Alford, appearing as the key witness.  The courts overseeing Mr. DeNaut's damages action and the above-captioned action may need to decide whether Judge Vatti's factual findings are binding on them; to minimize the risk of inconsistent results, it should be one judge doing so.  Civil L.R. 3-12(a)(2).  Similarly, there may be issues involving the applicability of the Arbitration ruling to Mr. DeNaut's

damages action and the above-captioned action that are appropriately handled via the same judge.

For the above-stated reasons, Mr. DeNaut respectfully submits that the above-captioned case and Mr. DeNaut's action concern "substantially the same parties, property, transaction or event," and that there would be an undue duplication of labor and expense, or conflicting results, if the cases are conducted before different judges.  Civil L.R. 3-12(a).  Mr. DeNaut therefore respectfully requests that the Court enter an order relating *DeNaut v. Alford, et al.*, No. 24-cv-145 (N.D. Cal.), with *Coinmint, LLC v. DX Corr Design, et al.*, No. 23-cv-599-RS (N.D. Cal.).

Counsel for Coinmint and Mr. Foret, Steven Feldman of Stradley Ronon Stevens & Young, LLP, does not object to the related case designation.  Counsel for Mr. Alford and Mr. Lemus, Thomas Quinn of Gordon Rees, has not stated a position as of the filing of this motion.[2]

Dated:        January 19, 2024
              San Francisco, California

---

[2] On January 11, 2024, Mr. DeNaut's counsel asked Mr. Quinn if he would, on behalf of Mr. Alford and Mr. Lemus, agree to stipulate to the instant motion or oppose it.  Declaration of Benjamin Sirota in Support of Administrative Motion to Consider Whether Cases Should be Related ¶¶ 2-3.  Mr. Quinn responded, copying Mr. Alford into the email, and stated, in relevant part, "I am not admitted to practice in California so I am reluctant to agree to the conferral request. I am copying Fletcher Alford so that he can respond as needed."  *Id*. ¶ 3.  As of the filing of this Motion, Mr. Alford has not responded.  *Id*. ¶ 4.

Respectfully submitted,

KOBRE & KIM LLP

/s/ Daniel Zaheer
Daniel Zaheer (State Bar No. 237118)
150 California Street, 19th Floor
San Francisco, California 94111
Tel.:   +1 415 582 4800
Fax.:   +1 415 582 4811
Email: daniel.zaheer@kobrekim.com

Steven G. Kobre (*pro hac vice* forthcoming)
Benjamin Sirota (*pro hac vice* forthcoming)
Caroline Rivera (*pro hac vice* forthcoming)
800 Third Avenue
New York, New York 10022
Tel.:   +1 212 488 1200
Fax.:   +1 212 488 1220
Email: steven.kobre@kobrekim.com
           benjamin.sirota@kobrekim.com
           caroline.rivera@kobrekim.com

*Attorneys for Defendant Jim DeNaut*